**Mark BUCKLEY, Plaintiff,**

v.

**UNITED STATES of America, Ogis Fields, as Warden, Federal Correctional Institution, Lexington, Kentucky, Defendants.**

**No. 80–141.**

United States District Court,
E. D. Kentucky,
Lexington Division.

Aug. 12, 1980.

Mark Buckley, pro se.

Patrick H. Molloy, U. S. Atty., Lexington, Ky., for defendants.

REED, District Judge.

The plaintiff, Mark Buckley, a prisoner confined in the Federal Correctional Institution at Lexington, Kentucky, has filed, *pro se*, a Motion to Proceed In Forma Pauperis and has tendered therewith a document entitled, "Motion for a Declaratory Judgment and Temporary Restraining Order." The document has attached as Appendix A an "Institution Discipline Committee Report." The Court has examined said document and has found it to be insufficient as a matter of law for the reasons set forth below.

The plaintiff, after a hearing, was found guilty of charges that he refused to obey an order of a member of the correctional staff and engaged in conduct which disrupts the orderly operation of the institution. He has since filed various appeals in accordance with the administrative regulations of the Bureau of Prisons. In his self-styled mo-

tion the plaintiff seeks to have the Court issue a declaratory judgment that the administrative process provided by the Bureau of Prisons inhibits his access to the courts and violates his due process rights under the Fourteenth Amendment. He also seeks to have the Court issue a temporary restraining order to prohibit the correctional officials from transferring him until a hearing can be held "to determine if such restraining order should continue until Plaintiff has fully exhausted available administrative remedies."

■ The plaintiff asserts that jurisdiction of the Court resides in 28 U.S.C. § 1331 and 28 U.S.C. § 2241 et seq. 28 U.S.C. §§ 2241–2256 empower the Court to grant writs of habeas corpus. 28 U.S.C. § 2242 provides that: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." This motion is not properly before the Court as a writ of habeas corpus since it has not been verified in accordance with 28 U.S.C. § 2242.

■ We next evaluate the motion under 28 U.S.C. § 1331. Mindful of the teachings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, we nevertheless find that the plaintiff has failed to state a cause of action for which this Court can grant relief. The plaintiff contends that the Court should issue a Temporary Restraining Order to prohibit the correctional officials from transferring him. However, the Attorney General pursuant to 18 U.S.C. § 4082(b) has the authority to transfer a prisoner from one place of confinement to another at any time. *Walker v. Hughes*, 558 F.2d 1247, 1253 (6th Cir. 1977); *Robinson v. Benson*, 570 F.2d 920, 923 (10th Cir. 1978). Furthermore, this motion for a Temporary Restraining Order is not properly before the Court since the plaintiff has failed to allege specific facts by affidavit or verified complaint. Fed.R.Civ.P. 65(b)(1).

■ The plaintiff also contends that the Court should issue a declaratory judgment that the Bureau of Prisons administrative remedy inhibits his access to the courts and violates his due process rights arising from the Fourteenth Amendment. The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, enlarges the range of remedies available in federal courts but it does not expand federal jurisdiction and does not confer an independent statutory basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950); *American Airlines, Inc. v. Louisville & Jefferson County Air Board*, 269 F.2d 811 (6th Cir. 1959). Since we find that the Court lacks jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2241 et seq. the plaintiff's Motion for a Declaratory Judgment must also fail because this Court lacks an independent source of subject matter jurisdiction to grant the relief sought by the plaintiff.

■ Assuming, arguendo, that the plaintiff had alleged additional grounds to invoke the jurisdiction of the Court, the Court would still not review the plaintiff's grievances when an adequate administrative procedure is available through the Bureau of Prisons. As the Eighth Circuit Court of Appeals stated: "We hold that if grievance procedures provide an adequate means for impartial review then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." *Willis v. Ciccone*, 506 F.2d 1011, 1015 (1974).

The Court having examined said document and being sufficiently advised,

IT IS NOW THEREFORE ORDERED HEREIN AS FOLLOWS:

(1) That the Motion to Proceed In Forma Pauperis be, and the same is hereby, granted.

(2) That the document entitled "Motion for a Declaratory Judgment and Temporary Restraining Order" is construed as a complaint and the same is hereby ordered filed by the Clerk of the United States District Court.

 

(3) That the Clerk of the United States District Court is directed not to issue process in this above styled action.

(4) That the Motion for a Declaratory Judgment and Temporary Restraining Order be, and the same is hereby, denied.

(5) That the above styled action be, and the same is hereby, dismissed and stricken from the docket of this Court.