Edgar M. HENDRICKS,
Petitioner–Appellant,

v.

Daniel VASQUEZ, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 89–16022.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1990.

Decided July 12, 1990.

William M. Goodman, Topel & Goodman, San Francisco, Cal., for petitioner-appellant.

Martin S. Kaye, Deputy Atty. Gen. and Charles R.B. Kirk, Deputy Atty. Gen., San Francisco, Cal., for respondents-appellees.

Before GOODWIN, Chief Judge, CANBY and RYMER, Circuit Judges.

GOODWIN, Chief Judge:

Edgar M. Hendricks, a California state prisoner sentenced to death, appeals the district court's summary dismissal of his petition for a writ of habeas corpus. We reverse and remand.

The facts leading to Hendricks's conviction and sentence are set forth in *People v. Hendricks*, 44 Cal.3d 635, 640–41, 244 Cal. Rptr. 181, 183–84, 749 P.2d 836, 838–39 (Cal.), *cert. denied*, 488 U.S. 900, 109 S.Ct. 247, 102 L.Ed.2d 236 (1988).

On August 7, 1989, Hendricks filed a 69–page petition for a writ of habeas corpus in federal court. Two days later, the district court summarily dismissed Hendricks's petition, following a brief hearing. The district court addressed none of the fifteen claims asserted in the petition. In conjunction with the summary dismissal, the district court granted Hendricks's request for a stay of execution and issued a certificate of probable cause to appeal, thereby qualifying the appeal to be filed.

■ Preliminarily, the respondents contend that the district court was without jurisdiction to consider Hendricks's petition because, although the petition was signed by Hendricks's counsel, it was not signed and verified by Hendricks, as required by Rule 2 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2242. Because we reverse for substantive reasons, the failure to verify the petition is a defect that can be remedied on remand.

■ The respondents cite no authority for the proposition that it is reversible error for the district court to address the merits of an unverified petition. The district court may refuse to file, or may dismiss, an unsigned and unverified petition.

*In re Application of Gibson*, 218 F.2d 320 (9th Cir.1954) (affirming the district court's refusal to file an unverified petition), *cert. denied*, 348 U.S. 955, 75 S.Ct. 445, 99 L.Ed. 746 (1955); *Buckley v. United States*, 494 F.Supp. 1000, 1002 (E.D.Ken.1980) (dismissing unverified petition). However, the defect is one that the district court may, if it sees fit, disregard. *Morris v. United States*, 399 F.Supp. 720, 723 (E.D.Va.1975) (addressing the petitioner's constitutional claim despite the lack of verification); *Cresta v. Eisenstadt*, 302 F.Supp. 399, 401 (D.Mass.1969) (addressing the merits of an unverified petition signed by the petitioner's counsel where the respondent failed to raise the issue); *Lewis v. Connett*, 291 F.Supp. 583, 585 (W.D.Ark.1968) (finding that the petitioner's failure to verify the petition did not preclude the district court from exercising jurisdiction). Indeed, Rule 2(e) provides that a petition which does not meet Rule 2's requirements "may be returned to the petitioner, if a [district court] judge ... so directs."

■ Hendricks contends that the district court erred in summarily dismissing his habeas petition on the merits. We agree.

The district court may enter an order for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254 Cases (West 1977). Summary dismissal is appropriate only where the allegations in the petition are "vague [or] conclusory" or "palpably incredible", *Blackledge v. Allison*, 431 U.S. 63, 75–76, 97 S.Ct. 1621, 1629–30, 52 L.Ed.2d 136 (1977) (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)), or "patently frivolous or false." *Id.* at 76, 97 S.Ct. at 1630 (quoting *Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116, 119, 76 S.Ct. 223, 225, 100 L.Ed. 126 (1956)).

The petition does not meet the standard for summary dismissal. Hendricks set forth his claims for relief with specificity, and included relevant citations to the state

court record. His claims, when unanswered, cannot be characterized as so incredible or frivolous as to warrant summary dismissal. Indeed, the district judge stated: "I don't feel I could find that the petition is patently frivolous." We, of course, express no opinion on the ultimate merits.

We also agree with the Second Circuit that summary dismissal followed by the issuance of a certificate of probable cause is "intrinsically contradictory" and warrants reversal. *Dory v. Commissioner of Correction of State of New York,* 865 F.2d 44, 45–46 (2d Cir.1989).

We reverse the summary dismissal and remand the case to the district court so that the respondents may answer and the court may conduct further appropriate proceedings.

On remand, Hendricks should sign and verify his habeas petition.

REVERSED AND REMANDED.