981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene H. PIETSCH, Jr., Petitioner-Appellant,
v.
William GOTCHER, Warden, Respondent-Appellee.
 No. 92-16024.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 8, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene H. Pietsch, Jr., an Arizona state prisoner, appeals pro se the summary denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that (1) he is excused from exhausting state court remedies, and (2) his claim regarding the state court's jurisdiction to convict and sentence him is not patently frivolous. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Pietsch pleaded guilty to theft by misrepresentation and was placed on intensive probation. After a hearing at which he admitted that he had violated a probation condition by using cocaine, his probation was revoked and he was sentenced to four years imprisonment on October 7, 1991. He then appealed to the Arizona Court of Appeals and filed a motion to vacate his sentence in the superior court.
 
 
 4
 In Pietsch's federal habeas petition filed on April 6, 1992, he claimed that "the conviction and sentence was obtained by action of a grand jury which was unconstitutionally selected and impanelled." He stated that his direct appeal to the Arizona Court of Appeals had not yet been decided, and he explained that he had not exhausted state court remedies because "there is no state court that has the proper jurisdiction to make a decision on the issue raised here." The district court found that regardless of Pietsch's failure to satisfy the exhaustion requirement, his petition warranted summary denial.
 
 
 5
 A state prisoner must exhaust available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas relief. 28 U.S.C. § 2254; Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A federal court may, however, consider an unexhausted claim if it lacks merit, and requiring further litigation in state court therefore would be useless. Acosta-Huerta v. Estelle, 954 F.2d 581, 584 (9th Cir.1992). A habeas petition may be summarily denied "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990). Summary denial is appropriate if the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks, 908 F.2d at 491. Summary denial followed by the grant of a certificate of probable cause for appeal is " 'intrinsically contradictory' " and may warrant reversal. Id. at 492 (quoting Dory v. Comm'r of Correction of New York, 865 F.2d 44, 45-46 (2d Cir.1989)); cf. Johnson v. Gramley, 929 F.2d 350, 351 (7th Cir.1991) (summary denial followed by grant of certificate of probable cause does not require reversal because district court "might think a suit frivolous, yet not be sure [appellate court] would agree").
 
 
 6
 Here, Pietsch claimed that he was improperly charged but did not challenge the validity of his guilty plea. As the district court stated, a voluntary and intelligent guilty plea precludes federal habeas relief based on pre-plea constitutional violations. Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985). Moreover, the district court took notice that Pietsch's memorandum in support of his habeas petition was virtually identical to memoranda submitted in other habeas proceedings in the district court.
 
 
 7
 In these circumstances, even though the district court issued a certificate of probable cause, it did not err by summarily denying Pietsch's habeas petition. Cf. Hendricks, 908 F.2d at 491-92 (reversal warranted where certificate of probable cause was granted and claims were not so incredible or frivolous as to warrant summary denial).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3