Kenneth CLAIR, Petitioner,

v.

Daniel VASQUEZ, Respondent.

No. CV 93–1133–GLT.

United States District Court,
C.D. California.

July 23, 1993.

Michael G. Millman, Selection Bd. for the U.S. District Court, C.D. Cal.; California Appellate Project, San Francisco, CA, for Kenneth Clair.

Daniel E. Lungren, Atty. Gen. of the State of Cal., George H. Williamson, Chief Asst. Atty. Gen., Gary W. Schons, Senior Asst. Atty. Gen., Garrett Beaumont, Supervising Deputy Atty. Gen., Carl H. Horst, Deputy Atty. Gen., San Diego, CA, for respondent.

### ORDER DENYING RESPONDENT'S MOTION TO VACATE STAY OF EXECUTION

TAYLOR, District Judge.

Respondent moves the Court in this death penalty case to vacate a 45–day stay of execution. The motion is DENIED.

### I. BACKGROUND

Petitioner is a death-sentenced prisoner. In February 1993, petitioner filed a request for appointment of counsel in his federal habeas corpus proceeding, and moved to stay his April 1993 execution. Respondent opposed the stay, arguing that the Court lacked jurisdiction to enter a stay absent the filing of a petition for writ of habeas corpus. In March 1993, this Court granted a 45–day stay of execution and forwarded petitioner's request for appointment of counsel to the Attorney Selection Board for the Central District of California. *See* Central District of California Local Rule 26.8.4(a). Respondent appealed the stay order, and the appeal is now pending. *See Vasquez v. Clair,* Ninth Circuit Case No. 93–99004.

In May 1993, Michael Millman, director of the California Appellate Project and member of the Attorney Selection Board, requested

an additional 45–day stay of execution to allow the Selection Board more time to find counsel for petitioner. The Court granted an additional 45–day stay. Respondent moved to vacate the May stay of execution.[1]

Respondent contends Mr. Millman was not retained or appointed on behalf of petitioner, nor did he qualify as a "next friend," so the Court lacked jurisdiction to entertain Millman's request for an extension. Respondent also asserts the Court had no jurisdiction to stay an execution when no petition for writ of habeas corpus had been filed.

### II. DISCUSSION

I. *Mr. Millman's Authority to Request a Stay*

Respondent argues there is no basis for federal jurisdiction to extend the stay since the request came from Mr. Millman, rather than from petitioner. Specifically, respondent contends that, without a showing petitioner lacks mental capacity to litigate his own case, or Mr. Millman represents petitioner, Mr. Millman's request cannot be considered by the Court.

 Respondent's challenge to Mr. Millman's authority to request the stay of execution is well-taken. Petitioner has standing to petition for a writ of habeas corpus and seek a stay, either by himself or through one representing him. However, Mr. Millman does not represent petitioner, and has no legal authority to act on petitioner's behalf. Local Rule 26.8.7(b).

 Mr. Millman was not acting as petitioner's "next friend." A next friend is not a party to a habeas corpus proceeding, but pursues the cause on behalf of the petitioner who remains the real party in interest. *See Whitmore v. Arkansas,* 495 U.S. 149, 163, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990). A necessary prerequisite for "next friend" status is a showing that the real party cannot present his own case due to mental incapacity, lack of access to Court, or some other

---

1. While the motion has been pending, the May stay expired, the court issued a new temporary stay at Mr. Millman's request, and permanent counsel was thereafter found and appointed. However, because of the importance of this issue, the court will not deem the matter moot, and will decide it on the merits.

disability. *Id.* at 165, 110 S.Ct. at 1728. No such claim is made here.

■ In seeking a stay of petitioner's execution, Mr. Millman was acting in his capacity as a member of the Attorney Selection Board. Local Rule 26.8.7(b) authorizes an attorney-member of the Attorney Selection Board, such as Mr. Millman, to assist an indigent petitioner in filing *pro se* applications for appointment of counsel and temporary stay of execution. The rule, however, contemplates that the petitioner, not the selection board attorney, will make the actual request for a stay of execution.[2]

■ However, the circumstances of this case do not require vacation of the previously granted stay of execution. The Court requested the assistance of the Attorney Selection Board in finding appropriate counsel for petitioner. To accommodate the search, the Court granted petitioner's personal request for the first stay of execution. As the stay expiration drew near, it was the selection board, not petitioner, who was in the best position to provide the Court with a status report on the search for counsel and a time estimate to complete the task. In the absence of a Court ruling on the point, it is understandable that Mr. Millman would make the application for additional time. It would be unfair to petitioner to set aside the stay on that basis. It is within the Court's discretion to disregard this defect. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990).

## II. *The Court's Jurisdiction to Enter a Stay*

■ Respondent asserts this Court lacked jurisdiction to enter a stay of execution without petitioner having first filed his petition for writ of habeas corpus. The Ninth Circuit rejected this argument in *Brown v. Vasquez*,

952 F.2d 1164 (9th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992). *Brown* holds that a district court has jurisdiction to stay the execution of a state prisoner in order to appoint counsel to assist the prisoner in preparing and filing a petition for federal habeas corpus relief. *Id.* at 1165.

This Court exercised the jurisdiction that *Brown* found to be proper. Respondent's attempt to distinguish *Brown* by challenging the validity of the local rules is without merit. *Brown* specifically held that an application for appointment of counsel under Local Rule 26.8.7(b) constitutes part of a habeas corpus proceeding under 28 U.S.C. § 2254 sufficient to grant the district court jurisdiction to enter a stay of execution. While the local rules also recognize this Court's jurisdiction, this Court relied on *Brown*, not just the local rules, in granting the stay.[3]

■ The Office of the Attorney General of California continues to assert a position that is contrary to established Ninth Circuit case law. The Court takes judicial notice that respondent has raised seven jurisdictional challenges in the Central District to stays of execution pending the filing of a petition. The motion to vacate the stay in *Brown* was originally denied and the denial was affirmed by the Ninth Circuit. The United States Supreme Court denied certiorari. Respondent filed another motion to vacate a stay in *Thompson v. Vasquez*, CV 90–6605–JMI. This Court denied the motion and the Ninth Circuit affirmed, citing *Brown. Vasquez v. Thompson*, No. 91–55525, 1992 WL 46686. Petition for certiorari was also denied. *See* — U.S. ——, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992). Respondent then filed motions to vacate stays of execution in *Fields v. Vasquez*, CV 92–0465–RG; *Anderson v. Vasquez*, CV 92–0488–JGD; *Deere v. Vasquez*, CV 92–1684–GLT; and *Frank v. Vasquez*, CV 91–

---

**2.** This is not the situation where a condemned inmate did not wish to fight his death sentence, but someone else attempted to do so on his behalf. *See e.g. Whitmore*, 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (fellow death row inmate); *Lenhard v. Wolff*, 443 U.S. 1306, 100 S.Ct. 3, 61 L.Ed.2d 885 (Rehnquist, Circuit Justice 1979) (inmate's attorney); *Gilmore v. Utah*, 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d

632 (1976) (mem., Burger, J., concurring) (inmate's mother).

**3.** The fact that the appellants in *Brown* did not challenge the validity of the local rules does not mean that the local rules are somehow invalid. 952 F.2d at 1168. If anything, *Brown* suggests an implicit validation of the local rules relating to appointment of counsel and stays of execution.

6287–AHS, as well as filing an earlier motion in this case. In all instances, this Court rejected the motions to vacate, citing *Brown.* Despite repeated rejection of the position, respondent is currently appealing the denials in *Deere* (Ninth Circuit No. 92–55648) and in this case (Ninth Circuit No. 93–99004).

Respondent flatly asserts that the district court has no jurisdiction to order a stay of execution, while relegating the controlling contrary *Brown* authority to a "but see" citation. Respondent provides only a Daily Appellate Report citation for *Brown,* notwithstanding that *Brown* was decided over a year ago, has an F.2d cite, and (not disclosed by respondent) the United States Supreme Court has denied certiorari.

Respondent is close to the line between advocacy and frivolousness on this issue. The filing of future such motions that are contrary to established Ninth Circuit law will be carefully scrutinized under Rule 11.

### III. DISPOSITION

Respondent's motion to vacate the stay of execution is DENIED.

IT IS SO ORDERED.