53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Danny CAESAR, Petitioner-Appellant,
v.
Charles MARSHAL, Warden, Respondent-Appellee.
 No. 94-16392.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 IN PART, REVERSED IN PART.
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Caesar, a California state prisoner, appeals pro se the district court's summary dismissal of his first petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 2253 and review de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994). We affirm in part and reverse in part.
 
 
 3
 Caesar is serving a twelve-year sentence for first degree burglary. His habeas petition presented five grounds for relief: (1) a due process violation caused by the state court's conclusion that his prior burglary conviction was of an inhabited dwelling; (2) a speedy trial violation; (3) ineffective assistance of appellate counsel by failing to raise the speedy trial violation; (4) ineffective assistance of trial counsel by failing to investigate and by arguing with Caesar; and (5) a due process claim that the key prosecution witness's testimony was "not properly challenged." The district court summarily dismissed the petition. The record shows that the district court did not have any part of the state court record.[1]
 
 
 4
 "The district court may enter an order for the summary dismissal of a habeas petition '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."' Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4, Rules Governing Section 2254 Cases). Summary dismissal is appropriate only when the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous. Id.
 
 
 5
 "A district court's denial of a habeas corpus petition may not be affirmed unless the record on appeal indicates that the court independently reviewed all relevant portions of the state court record." Chaney v. Lewis, 801 F.2d 1191, 1193 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). "While the district court is under no duty to obtain sua sponte and review the state court record of either purely factual or purely legal questions, it does have such a duty as to mixed questions of fact and law." Id. at 1194.
 
 
 6
 Caesar's claim that the state court erred by enhancing his sentence after finding that he had been convicted of burglary of an "inhabited dwelling" presents a question of state law. See Miller v. Vasquez, 868 F.2d 1116, 1118 (9th Cir. 1989) (habeas claim that prior conviction was not a "serious felony" under California's sentencing law was not cognizable). Federal habeas relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness; therefore, the district court properly dismissed this legal claim summarily. See Gutierrez v. Griggs, 695 F.2d 1195, 1197-98 (9th Cir. 1983) (district court may summarily dismiss claims that do not allege a deprivation of federal rights).
 
 
 7
 Caesar claims that the seventy-nine day delay between the mistrial and retrial violated his constitutional right to a speedy trial. Even accepting the factual assertion as true, this claim fails as a matter of law because it does not satisfy the "presumptively prejudicial" threshold point of a one-year delay. Cf. United States v. Beamon, 992 F.2d 1009, 1012-13 (9th Cir. 1993) (if length of delay from trial to indictment is less than one year, the constitutional speedy trial claim fails). Therefore, the district court properly dismissed this claim summarily. See Gutierrez, 695 F.2d at 1198-99 (court may summarily dismiss claim because petitioner's own statement of facts did not state a viable claim for relief). Consequently, Caesar's claim that his appellate attorney rendered ineffective assistance by refusing to raise the speedy trial claim on appeal fails. See Miller v. Keeney, 882 F.2d 1428, 1433-35 (9th Cir. 1989) (no incompetence or prejudice shown when counsel failed to raise issues that had only a remote chance of obtaining reversal).
 
 
 8
 In his ineffective assistance of trial counsel claim, Caesar contends that his trial attorney failed to investigate his case or present a defense. Specifically, Caesar alleges the attorney failed to introduce evidence that would have corroborated Caesar's version of the events, such as a police report and photographs. As a subsidiary Sixth Amendment claim, Caesar contends that he had an irreconcilable conflict with his attorney.
 
 
 9
 Caesar's final claim is that the testimony of witness Ken Mendoza was "not properly challenged." The district court construed this as a claim that Mendoza was either not credible or committed perjury. Although these are reasonable constructions, it can be fairly read as another allegation that his attorney rendered ineffective assistance of counsel by failing to cross examine a prosecution witness. See Hays v. Arave, 977 F.2d 475, 476 n.1 (9th Cir. 1992) (liberally construing pro se habeas claim to encompass ineffective assistance of counsel).
 
 
 10
 We conclude that Caesar's allegations that his attorney provided ineffective assistance are not "so vague, conclusory, or patently frivolous so as to warrant summary dismissal." See Patterson v. Warden, San Luis Obispo, 624 F.2d 69, 70 (9th Cir. 1980) (per curiam); accord Little Light v. Crist, 649 F.2d 682, 685-86 (9th Cir. 1981) (per curiam) (reversing district court's summary dismissal of a habeas claim alleging lack of competent counsel). The allegations are specific and include citations to the state court record. See Hendricks, 908 F.2d at 491 (a summary dismissal is not proper when petition sets forth claims with specificity and includes relevant citations to the state record).
 
 
 11
 Moreover, these claims present mixed questions of fact and law and their resolution is dependent upon a review of the state court record. See Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir. 1994) (a Sixth Amendment claim of conflict-free representation is a mixed question of law and fact), cert. denied, 63 U.S.L.W. 3690 (U.S. March 20, 1995) (No. 94-7782); Reiger v. Christensen, 789 F.2d 1425, 1428 (9th Cir. 1986) (ineffective assistance of counsel is mixed question of fact and law). Without the state court record, the district court could not determine whether counsel's performance was deficient or prejudicial. See Little Light, 649 F.2d at 685-86. Nor could the district court determine whether the state court made an adequate inquiry into the alleged irreconcilable conflict between Caesar and his attorney. Cf. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1476 (9th Cir.) (remanding for evidentiary hearing on a Marsden claim), cert. denied, 115 S. Ct. 357 (1994). Consequently, the district court erred by dismissing these claims without first obtaining and examining the state court record. See Chaney, 801 F.2d at 1194-95; Reiger, 789 F.2d at 1428. We reverse and remand Caesar's ineffective assistance of counsel claims to the district court with instructions to obtain and review the state court record and to determine whether an evidentiary hearing is required.
 
 
 12
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. We therefore deny Caesar's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In the order denying a certificate of probable cause, the district court mentioned that the "transcripts" did not reflect a speedy trial motion. This appears to be a paraphrase of the petitioner's motion and not from an independent review of the state court record. Moreover, the docket sheet does not reflect the filing of the state court record