Anthony Cornell BEAN, Petitioner,

v.

Arthur CALDERON, et al., Respondents.

No. CIV S–90–0648 EJG GGH P.

United States District Court,
E.D. California.

Feb. 15, 1996.

Andrea Miller, Sacramento, CA and Andrew Love, San Francisco, CA, for petitioner.

Clayton Tanaka and Harry Colombo, Sacramento, CA, for respondents.

### ORDER

HOLLOWS, United States Magistrate Judge.

#### Introduction and Summary

█ Respondents in the above-captioned capital habeas proceeding have sought to depose petitioner in connection with allegations that he has made in the verified petition. Petitioner initially objected to the taking of the deposition. However, at hearing, petitioner was willing to withdraw his objection to the deposition *per se* as long as the questions asked directly related to the allegations in the petition, and petitioner could invoke the Fifth Amendment privilege as he saw fit without any adverse inference being drawn on account of its invocation.[1]

█ After hearing respondents' motion to depose petitioner on February 7, 1996, with counsel of record present (Andrea Miller and Andrew Love for petitioner; Clayton Tanaka and Harry Colombo for respondents), the court has determined that petitioner's deposition should go forward. Petitioner may invoke the Fifth Amendment; however, the court may draw an adverse inference from its invocation if the questions to which the privilege is asserted directly relate to an allegation made by petitioner in his verified petition, and the questions are otherwise not objectionable. The court discusses its ruling below.

#### Discussion

##### Fifth Amendment's Right of No Compelled Self–Incrimination

█ Although not a perfect fit, nor should it be, a federal habeas corpus action is civil in nature. "It is well settled that habeas corpus is a civil proceeding." *Browder v. Director Dept of Corrections of Illinois,* 434 U.S. 257, 269, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978). *See also, O'Neal v. McAninch,* —— U.S. ——, ——, 115 S.Ct. 992, 996, 130 L.Ed.2d 947 (1995) noting that habeas corpus is a civil proceeding; however, the stakes involved, one's liberty or life, may at times require resort to criminal law standards; Fed.R.Civ.P. 81(a)(2) (rules of civil procedure

---

1. The Fifth Amendment provides in part that "no person ... shall be compelled in any criminal case to be a witness against himself." The privilege against testimonial compulsion extends to answers that would themselves support a conviction under a federal criminal statute as well as to answers that would furnish a link in the chain of evidence needed to convict a person of a criminal offense. *Hoffman v. United States,* 341 U.S.

479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951).

Petitioner correctly makes no assertion of attorney-client privilege insofar as deposition questions may focus on conversations had between petitioner and his attorney that directly relate to the claims of ineffective assistance of counsel. *See, Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156 (9th Cir.1992).

are applicable to habeas corpus actions to the extent not inconsistent with habeas corpus statutes or rules). Thus, the initial issue is whether this capital habeas proceeding is different enough to abandon the usual civil rule that invocation of the Fifth Amendment in a civil proceeding may warrant the drawing of an adverse inference, or worse.[2]

 For the most part, the cherished, constitutional protections of criminal procedure, and the issue here concerns the invocation of a constitutional protection, have no application in habeas corpus proceedings. For example, a habeas petitioner is not constitutionally entitled to counsel, *Coleman v. Thompson,* 501 U.S. 722, 755–756, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991); the rule, of course, is different in the underlying criminal proceeding. A habeas petitioner is not constitutionally entitled to be present at habeas proceedings, *Wade v. Calderon,* 29 F.3d 1312, 1325 (9th Cir.1994); the rule, of course, is also different in the underlying criminal proceeding. And, a habeas petitioner is not entitled to a jury trial of his habeas allegations. Thus, it should not seem odd that the right to invoke the Fifth Amendment self-incrimination privilege without adverse inference, a cherished, procedural right in criminal actions, would not be automatically present in the civil federal habeas proceeding.[3]

Notwithstanding the fact that petitioner did testify at his initial criminal trial, and that such testimony can be used against him at any future trial, *Harrison v. United States,* 392 U.S. 219, 222, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047 (1968), there remains some superficial force to petitioner's argument that, regardless of the nomenclature of this action if this habeas corpus action is granted on the merits of liability, a criminal retrial will be necessary; hence, petitioner should not be forced to, in essence, prospectively waive his privilege by compelling his testimony now. And, petitioner further asserts, if the court is going to draw an adverse inference from silence, he is for practical purposes compelled to waive his privilege. However, upon deeper analysis, petitioner's contention is flawed.

 The rule that the government bears the burden in a criminal action to establish the elements of the crime beyond a reasonable doubt does not need citation at this point. The burden of proof requirement in a criminal action is an important corollary to petitioner's Fifth Amendment right not to be compelled to testify against himself. However, the present proceeding is not a criminal action, and more importantly, it is *petitioner* who bears the burden of proof in this habeas proceeding to establish that his conviction is faulty.

> State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.

*Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963), overruled on other grounds, *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). *See also, McKenzie v. McCormick,* 27 F.3d 1415, 1418 (9th Cir.1994).[4]

---

**2.** Petitioner does not contest *per se* the validity of the ordinary civil rule which permits the drawing of an adverse inference after invocation of the Fifth Amendment in a civil proceeding, especially where the party commencing the civil action is the party attempting to invoke the privilege. The potential for drawing such an inference is well established in the law. *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976); *Daniels v. Pipefitters' Assn. etc.,* 983 F.2d 800, 802 (7th Cir.1993); *Brooks v. Hilton Casinos Inc.,* 959 F.2d 757, 768 (9th Cir.1992) (citing *Lyons v. Johnson,* 415 F.2d 540, 542 (9th Cir.1969)); *United States v. $64,765.00 in U.S. Currency,* 786 F.Supp. 906, 913 (D.Or.1991) (party cannot avoid burden on summary judgment by invoking Fifth Amendment—adverse inference can be drawn from invocation of the self-incrimination privilege).

**3.** Petitioner submitted one, unpublished district court order to the effect that habeas actions were "drastically different" from civil actions. Upon review of the citation of the cases in the text, that assertion cannot be correctly made. Even petitioner recognizes that the habeas corpus rules themselves contemplate the taking of petitioner's deposition upon good cause shown. Rules Governing § 2254 Cases, Rule 6(c).

**4.** *O'Neal v. McAninch, supra,* does not change this rule. *See, Simmons v. Blodgett,* 910 F.Supp. 1519 (W.D.Wash.1996). In assessing what is a matter of law, harmless error, *O'Neal* places the

Petitioner has invoked the court's process to overturn what would otherwise be a final state conviction, and must prove that it should be overturned. It is not at all untoward to hold that petitioner must establish the facts that would give rise to the overturning, and if he refuses to put forth facts that are within his knowledge, and which are pertinent to the claims that he has made in habeas, an adverse inference may be drawn.

■■■ Secondly, it is a fact that petitioner *has already testified* in this habeas proceeding. The petition is verified.[5] While certainly many of the assertions therein are legal in nature, many other assertions are facts for which petitioner probably has personal knowledge. For example, petitioner has asserted in connection with claims of prosecutorial misconduct and ineffective assistance of counsel—factual innocence, i.e., "new evidence" that he was factually innocent with respect to at least one of the murders. This new evidence allegedly was unlawfully suppressed/manipulated by the prosecution, or in the alternative, the evidence is of the type that his trial counsel could have acquired but for his investigative deficiencies. Amended Federal Petition at 168–169. Petitioner has initially sworn that, if his counsel had investigated further, the "true" facts would have been apparent. Amended Petition at 184. For petitioner to now assert the self-incrimination privilege, when defendant seeks to directly test the veracity of petitioner's assertions, without any adverse impact, gives petitioner the unseemly right to turn on and off his testimony like a water spigot whenever he sees fit.

Petitioner lacks such a right, even in criminal proceedings. *United States v. Black*, 767 F.2d 1334, 1341 (9th Cir.1985).[6] The colorable, factual allegations of the petition, if true, give petitioner the right to an evidentiary hearing, and petitioner should not be shielded from having to personally defend his sworn, factual assertions made in this proceeding of which he has personal knowledge. *Cf. IBM v. Brown*, 857 F.Supp. 1384, 1390 (C.D.Cal.1994) (individual civil defendants that had testified at pretrial proceedings in civil action had no remaining Fifth Amendment privilege to assert as a basis to stay civil action during pendency of parallel criminal proceedings).

■■■ Thirdly, even if criminal law standards were to be applied herein, the present situation is no different in principle from that in which a defendant claims insanity as a defense—a defense for which the defendant has the burden of proof. That defendant is deemed to have waived his Fifth Amendment privilege by his assertion of that defense, insofar as what the defendant relates to his psychiatrists may be utilized by the prosecutor. *Kelly v. Withrow*, 25 F.3d 363, 369 (6th Cir.1994); *Granviel v. Lynaugh*, 881 F.2d 185, 190 (5th Cir.1989). Petitioner, who, like a state defendant pleading an insanity defense at trial, has the burden of proof in this proceeding. He has asserted many contentions that arguably serve to invalidate his state conviction. There is no constitutional principle that precludes compelling the petitioner to speak now in development of those assertions.

burden on the court to be convinced that it does not have "grave doubt" about the harmlessness of the error.

5. The petition was verified by petitioner's counsel who indicated that she had spoken with petitioner and that he had affirmed the factual portions of the petition. The failure of petitioner himself to verify the petition is a defect that the district court may remedy or ignore. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990). However, lest there be any assertion for the purposes of this order that counsel's verification is different from petitioner's actual verification, the court will order petitioner to personally verify the petition within ten days of the filed date of this order, or before his deposition, whichever is sooner.

6. A criminal defendant may testify in a proceeding collateral to the trial on the merits without waiving his Fifth Amendment privilege at trial. *See* e.g., *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968) (defendant's testimony in a suppression hearing may not be used in the prosecution's case-in-chief, nor may it be used to assert that defendant has waived his Fifth Amendment privilege). However, the situation here is much different when petitioner *has* testified on the merits by his assertions in a sworn petition—assertions, which if uncontested, would serve as a complete basis for relief. By filing a verified petition, testimony has been received on the merits.

Finally, in contrast to the present civil habeas proceeding, the overriding purpose of criminal actions, in which the Fifth Amendment privilege is fully applicable, is to determine whether the state can prove the guilt of a defendant beyond a reasonable doubt. If the state fails in this endeavor, the truth of the matter becomes irrelevant. Habeas is different. It is a remedy that seeks to overturn miscarriages of justice. There is no other proceeding known to our law in which the truth of matters asserted is so important. That search for the truth is impeded by assertion of privileges—especially when that search for the truth is initiated by the person who now desires to assert a self-incrimination privilege. Petitioner's alternative proposal that his deposition go forward, leaving petitioner completely free to avoid answering the tough questions, mocks the truth seeking process.[7]

*Good Cause for Taking Petitioner's Deposition*

Discovery by either respondent or petitioner requires a finding of good cause. Rules Governing Habeas Corpus Cases, Rule 6(a); *Campbell v. Blodgett,* 982 F.2d 1356, 1358 (9th Cir.1993). The court need not analyze at length the good cause established by respondents as that cause is nearly self-evident.

▊ Petitioner has made multiple claims of ineffective assistance of counsel. As indicated above, some of those claims fault counsel for not performing an investigation that revealed the identity of the actual murderer in the Schatz case; other claims fault counsel's investigation of facts for the penalty phase, e.g., family background. For example:

> Trial counsel rendered ineffective assistance of counsel for failing to undertake a reasonably competent investigation of Petitioner's innocence of the Schatz murder. [then detailing the numerous, alleged deficiencies]

Amended Petition at 184. *See also,* Amended Petition at 265 (trial counsel failed to properly develop petitioner's background for penalty phase presentation).[8] In addition, petitioner faults the prosecution for suppressing or otherwise preventing the true facts from being received at trial.

The Supreme Court has on several occasions indicated that at evidentiary hearing the actual information relayed by petitioner to his counsel is critical in habeas corpus actions.

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.... In short, *inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's other litigation decisions.*

*Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)

---

**7.** Petitioner cites to the Advisory Committee Notes for Rule 6 (subdivision (c)) of the Rules Governing Habeas Corpus Cases for the proposition that the right to invoke the Fifth Amendment is fully applicable in the situation where petitioner's deposition is taken. "Subdivision (c) specifically recognizes the right of respondents to take the deposition of petitioner. Although the petitioner could not be called to testify against his will in a criminal action, it is felt the nature of the habeas proceeding, along with the safeguards accorded by the Fifth Amendment and the presence of counsel, justify this provision." However, this court will not presume that the Advisory Committee intended the provisions of Rule 6(c) permitting petitioner's deposition to be entirely an idle act. It may be assumed that *every* substantive question asked by respondents of a petitioner will implicate some aspect of the criminal

trial—either the liability or penalty phase. Under petitioner's construction of the Rule, no such questions could be asked, or at least no responses need be given, since each response could lead to evidence that might incriminate petitioner. The court is puzzled as to what purpose petitioner believes his deposition would ever be useful; a deposition that consists of only questions, but no answers, is the quintessential idle act.

**8.** While petitioner's actual innocence, if proved, is not a ground in itself for granting a habeas petition, *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), the innocence allegations are key when placed in the context of a valid federal claim, e.g., ineffective assistance of counsel; prosecutorial misconduct.

(emphasis added). *See also, Burger v. Kemp*, 483 U.S. 776, 794–795, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987).

Petitioner's contentions about his innocence/family background are easily fit into the quoted portion of *Strickland*: "In short, inquiry into counsel's conversations with the [petitioner] [on who actually committed the Schatz murder—or on petitioner's family background] may be critical to a proper assessment of counsel's other litigation decisions." The quoted portion of *Strickland* forecloses any argument that respondents' inquiry is not warranted. In assessing good cause, the court simply need go no further than the words of the Supreme Court itself. And, of course, given petitioner's contentions herein, respondents are entitled to discover not only counsel's version of what was said, but also petitioner's version as well. The court finds similar cause to query petitioner on his related allegations of prosecutorial misconduct, i.e., what facts are known to petitioner that were inappropriately twisted or suppressed by the prosecution.

*Conclusion*

For the foregoing reasons, respondents may depose the petitioner. However, the deposition must directly relate to the assertions that petitioner has made in the Amended Federal Petition, and for which it is likely that petitioner has personal knowledge. The questions must be phrased in such a manner that they are directly linked to the federal claim(s) upon which petitioner is being deposed. Petitioner may assert his Fifth Amendment privilege, but the assertion of that privilege may be cause for the court to draw an adverse inference in this habeas proceeding.

In addition, although the court respects counsel's verification and her representation that petitioner affirms the facts stated in the petition, petitioner shall personally verify the petition within ten days of the filed date of this order, or before his deposition whichever is sooner.

Finally, the court excuses the parties from compliance with the discovery cutoff provisions of the scheduling order in this case with respect to petitioner's deposition. Peti-tioner's deposition shall be taken as soon as convenient for the parties.

IT IS SO ORDERED.