**Vessilka KOURTEVA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. C00–2459MMC(PR).

United States District Court, N.D. California.

March 27, 2001.

Vessilka Kourteva, Wilows, CA, pro se.

Suzanne G. Ramos, U.S. Attorney's Office, San Francisco, CA, for respondent.

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

CHESNEY, District Judge.

### INTRODUCTION

This pro se petition for a writ of habeas corpus, brought by a former detainee of the Immigration and Naturalization Service ("INS") pursuant to 28 U.S.C. § 2241, challenges an INS removal order against the petitioner. Following an initial review of the complaint, the court found that petitioner stated cognizable claims for relief, ordered respondent to show cause why the petition should not be granted, and denied petitioner's motion for a stay of removal under 8 U.S.C. § 1252(f). A subsequent motion for a stay was denied, respondent's motion to dismiss the petition was denied, and respondent was again ordered to show cause why the petition should not be granted. Respondent has filed a response and petitioner has not filed a traverse.

### DISCUSSION

Petitioner, a native of Bulgaria, was admitted to the United States in October 1990. On February 23, 1998, she was convicted of petty theft with a prior and sentenced to two years in prison. Because of this conviction, the INS initiated removal proceedings in 1999 pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for removal of an alien who has been convicted of an aggravated felony. An INS Immigration Judge found petitioner removable on this basis on October 1, 1999. The Bureau of Immigration Appeals ("BIA") agreed and dismissed her claim. The BIA also found that because circumstances in Bulgaria had changed, there was no reasonable likelihood of future torture and her removal was not barred by the United Nations Convention Against Torture ("UNCAT"). *See* 8 C.F.R. §§ 208.16; 208.17; 208.18 (2000). Petitioner's motion for a stay of removal in this court was denied because petitioner did not show "by clear and convincing evidence" that her removal was illegal. *See* 8 U.S.C. § 1252(f)(2). Petitioner was removed by the INS to Bulgaria in September 2000.

### DISCUSSION

A. *Standard of Review*

■ This court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir.1990).

Petitioner's case must be analyzed under the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–238, 110 Stat. 3009–625 (as amended by Act of October 11, 1996, Pub.L. No. 104–302, 110 Stat. 3657) ("IIRIRA") because immigration proceedings were commenced against her in 1999, after the effective date of IIRIRA's permanent provisions. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997) (IIRIRA's permanent provisions pertain to removal proceedings initiated after April 1, 1997).

B. *Legal Analysis*

1. *Jurisdiction*

 Respondent contends that the petition should be dismissed for lack of jurisdiction. Section 1252(a)(2)(C) of Title 8 of the United States Code provides in part: "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii) ... ]." This section governs the jurisdiction of the federal courts of appeals to review BIA decisions, but it does not abrogate the district court's federal habeas corpus jurisdiction under 28 U.S.C. § 2241. *See Flores–Miramontes v. I.N.S.*, 212 F.3d 1133, 1135–36, 1143 (9th Cir.2000). Because petitioner was removable "by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii)", 8 U.S.C. § 1252(a)(2)(C) may bar her from filing a petition for direct review in the Court of Appeals. *See id.* at 1143 n. 16 (declining to decide whether § 1252(a)(2)(C) precludes the Court of Appeals from exercising jurisdiction over a claim challenging the merits of an INS denial of relief from removal). However, that section does not preclude review of the claims in this court under § 2241.

As explained above, § 2241 provides habeas jurisdiction over alleged violations of the Constitution or laws or treaties of the United States. Petitioner's three claims in this petition are: (1) her removal is prohibited under UNCAT; (2) she received ineffective assistance of counsel in violation of the Sixth Amendment as to the state court conviction leading to the removal order; and (3) her indefinite detention in county jail pending removal without an individualized bond hearing deprived her of due process. The second and third claims allege violations of the federal constitution, and the first claim asserts a vio-

lation of federal law. *See* U.S. Const. Amends. V, VI; 8 C.F.R. §§ 208.16(c); 208.17 (UNCAT adopted into federal law and may be basis for relief from removal); *see also Flores–Miramontes*, 212 F.3d at 1135–36 (holding due process challenge to BIA procedure falls within district court's habeas jurisdiction). Respondent asserts that there is federal habeas jurisdiction under § 2241 only over "substantial" constitutional violations. Section 2241 imposes no such requirement, nor do the federal cases respondent cites. Respondent's argument that this Court lacks jurisdiction over petitioner's colorable claims of violations of federal law is without merit.

2. *UNCAT*

 Petitioner claims that federal law implementing UNCAT bars her removal. Pursuant to UNCAT, the INS must withhold removal of a petitioner if she establishes that it is more likely than not that she would be tortured if removed to the proposed country of removal. *See* 8 C.F.R. § 208.16(c)(2). If the petitioner meets this burden, but, as is the case here, her removal was based on the commission of an aggravated felony, the INS must defer removal instead of withholding it. *See* 8 C.F.R. §§ 208.16(d); 208.17(a). To meet her burden of proving future torture, a petitioner is entitled to present any and all relevant evidence, including (1) evidence of past torture; (2) evidence that petitioner could relocate to a part of the country where she is not likely to be tortured; (3) evidence of gross, flagrant or mass violations of human rights within the country of removal; and (4) any other relevant information regarding the conditions in the country of removal. "Torture" is defined as intentional infliction of severe pain for the purpose of punishment, obtaining information or a confession, coercion or because of discrimination. *See* 8 C.F.R. § 208.18(a). Moreover, the govern-

ment must have ordered, consented to or known about and failed to prevent the torture. *See id.*

The BIA concluded that there was not a significant likelihood of torture because conditions in Bulgaria today are sufficiently different from those in 1990, when petitioner left. The standard of review applicable to this finding is the "substantial evidence" standard, under which this Court must accept the BIA's finding unless any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998) (holding, with respect to review of BIA's asylum denial, "substantial evidence" requires petitioner to present compelling evidence that no reasonable factfinder could agree with the BIA).

Petitioner presents evidence that Bulgarian police severely beat her for her activism on behalf of ethnic Turks. The Court agrees with the BIA that this constitutes evidence of past torture. Petitioner's evidence also demonstrates, however, that the government regime in Bulgaria has since changed from communist to socialist-democrat and that a new constitution has been adopted. Petitioner presents reports that police brutality and human rights abuses persisted into 1999, as well as a letter from petitioner's brother that the Bulgarian police have asked about her whereabouts. Such evidence could support a finding that petitioner would suffer torture in the future if she returns to Bulgaria. A reasonable factfinder, however, could also conclude that petitioner did not meet her burden of proving that future torture was more likely than not to occur. When the government changed hands from the communists to socialist-democrats, the government's policies regarding political activism, police brutality, and civil liberties changed as well. Al-

though the reports describe individual incidents of police brutality, they also describe investigations and prosecutions of police officers and attempts through an independent judiciary to curb these abuses. In addition, there is no evidence that petitioner could not relocate to another part of Bulgaria, thus distancing petitioner from corrupt elements of the police force. Under the deferential "substantial evidence" standard of review, the BIA's finding regarding future torture must stand. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992) (holding a court reviewing an agency's findings under the substantial evidence standard "should not supplant the agency's findings merely by identifying alternative findings that could be supported by substantial evidence"). Accordingly, petitioner's claim that the denial of relief from removal violates UNCAT is denied.

### 3. *Ineffective Assistance of Counsel*

 Petitioner claims she is attempting to set aside her underlying state felony convictions, used as the basis for her removal, on grounds of ineffective assistance of counsel. The Court liberally construed this claim as a constitutional challenge to the petitioner's removal under *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding Sixth Amendment guarantees effective assistance of counsel). To succeed under *Strickland*, however, petitioner must show that counsel's performance was deficient and that the deficiencies were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *See id.* at 687–88, 104 S.Ct. 2052. Petitioner does neither. Indeed, petitioner nowhere explains how counsel was ineffective or what impact any ineffectiveness might have had on the verdict. As a result, petitioner's

ineffective assistance of counsel claim must be denied.

### 4. *Bond Hearing*

 Petitioner claims that she was detained in county jail pending her removal. Petitioner claims that her right to due process under the Fifth Amendment was violated because this detention was indefinite and she did not receive an individualized bond hearing. *See, e.g., Szeto v. Reno,* No. C 00–0531 CRB, 2000 WL 630869, at **6–7 (N.D.Cal. May 5, 2000) (finding indefinite mandatory detention provision unconstitutional). Since petitioner has been removed to Bulgaria and is no longer detained in county jail, this claim is moot. The relief petitioner seeks by way of this claim is an order requiring the INS to conduct an individualized bond hearing to determine whether she could be released from county jail pending her removal to Bulgaria. Now that petitioner is in Bulgaria, a bond hearing would serve no purpose. Moreover, petitioner has failed to demonstrate any continuing collateral consequences of her lack of a bond hearing. *See Spencer v. Kemna,* 523 U.S. 1, 7–12, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (holding habeas petition is moot if there are no continuing collateral consequences of conviction). Accordingly, this claim is denied.

### CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is DENIED. All pending motions are terminated and the clerk shall close the file.

IT IS SO ORDERED.