**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Dale JOHNSON, Defendant–
Appellant.**

No. 05–35987.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Frank R. Papagni, Jr., Esq., Office of
the U.S. Attorney, Eugene, OR, for Plain-
tiff–Appellee.

Larry Dale Johnson, Fall Creek, OR,
pro se.

Before: LEAVY, W. FLETCHER, and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Larry Dale Johnson, a former federal
prisoner, appeals *pro se* from the district
court's order denying his 28 U.S.C. § 2255
motion challenging his conviction and sen-
tence, based on stipulated facts, for nar-
cotics and fraud violations. We have ju-
risdiction under 28 U.S.C. § 2253, and we
affirm.

Johnson raises various contentions of in-
effective assistance of counsel, most of
which are barred as vague, conclusory, and
unsupported by any citation to relevant
case law or to the record. *See Hendricks
v. Vasquez*, 908 F.2d 490, 491 (9th Cir.
1990). To the extent they are not other-
wise barred, we reject them on the merits.
*See Strickland v. Washington*, 466 U.S.
668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984).

Johnson's closest contention is that his
counsel was ineffective for not properly

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

investigating whether he was competent to enter into a plea agreement. The record reflects that, at the time Johnson entered into his plea agreement to a stipulated facts trial, he was taking several different medications and suffered from bipolar disorder.

This court has held that a defendant's statement that he was under the influence of a strong narcotic is sufficient to trigger an inquiry into his competence to enter a plea unless his counsel possesses some other knowledge suggesting that the defendant is competent. *See United States v. Howard,* 381 F.3d 873, 881 (9th Cir.2004). Here, however, Johnson's counsel filed a motion requesting a determination of his competency. A psychiatric evaluation of Johnson found him to be sufficiently competent to understand the nature and consequences of the proceedings against him, despite his diagnosis with bipolar disorder and a personality disorder.

Moreover, at the change of plea hearing, the district court based its finding of competency on testimony from a psychiatric nurse and an emergency room physician concerning Johnson's mental state and the effects of his various medications. Although it may have been a close determination as to whether Johnson was competent, his counsel was not ineffective for failing to obtain a more thorough investigation than the one that was conducted. *See id.*

Finally, we deny. Johnson's request to broaden the certificate of appealability because he has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e). To the contrary, any contentions he has raised that are not pertaining to his claim of ineffective assistance of counsel are barred by the waiver in his plea agreement.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.