FILED

NOT FOR PUBLICATION

FEB 14 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


KELLY GENE PARANTEAU,

              Petitioner - Appellant,

  v.

LEROY KIRKEGARD and ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

              Respondents - Appellees.

No. 10-35609

D.C. No. 4:10-cv-00018-SEH-
RKS

MEMORANDUM[*]


Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 6, 2013[**]
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Montana state prisoner Kelly Gene Paranteau appeals the district court's summary denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

**1.** The Montana Supreme Court's decision that Paranteau did not suffer a violation of his speedy trial right was not contrary to or an unreasonable application of *Barker v. Wingo*, 407 U.S. 514 (1972). 28 U.S.C. § 2254(d)(1). Nor was the Montana Supreme Court's decision based on an unreasonable determination of the facts in light of the evidence showing that Paranteau's counsel took actions inconsistent with Paranteau's desire for a speedy trial. 28 U.S.C. § 2254(d)(2).

**2.** The state court's admission of Paranteau's statements to law enforcement was not contrary to or an unreasonable application of Supreme Court precedent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (considering the totality of the circumstances to determine the voluntariness of a confession). The state court found that the offers of leniency were contingent, not guarantees, and that Paranteau was not so overcome by the effects of methamphetamine that he was unable to comprehend his circumstances or understand the *Miranda* warnings. Paranteau did not challenge these factual findings in his habeas petition, and they are presumptively correct. 28 U.S.C. § 2254(e).

2

**3.** The Montana Supreme Court's decision not to remand for retroactive application of *State v. Goetz*, 191 P.3d 489 (Mont. 2008), was not contrary to or an unreasonable application of *Teague v. Lane*, 489 U.S. 288 (1989). *Teague* does not concern retroactivity of newly decided state court cases or newly recognized state constitutional rights. Moreover, the Montana Supreme Court's decision rests on Montana law and therefore does not present a cognizable federal claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (noting that "federal habeas corpus relief does not lie for errors of state law") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).

**4.** The district court did not abuse its discretion in summarily denying Paranteau's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 cases. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**AFFIRMED**.