■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CICCI-ARI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered January 14, 1982, convicting him of rape in the first degree, sodomy in the first degree, burglary in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of burglary in the first degree to one of burglary in the third degree, and by vacating the sentence imposed thereon. As so modified, judgment affirmed and case remitted to the Supreme Court, Queens County, for resentencing. Defendant's conviction for burglary in the first degree required proof of physical injury (Penal Law, § 140.30, subd 2) which is defined as "impairment of physical condition or substantial pain" (Penal Law, § 10.00, subd 9). While the question of whether the element of "substantial pain" has been established is generally one for the trier of fact, who may consider, *inter alia*, the subjective feeling of the complaining witness, "there is an objective level * * * below which the question is one of law" (*Matter of Philip A.*, 49 NY2d 198, 200). At trial, no evidence of physical impairment was offered, and the issue of physical injury was submitted to the jury solely upon the basis of the complainant's testimony that defendant had hurt her and she had screamed in pain. Such subjective testimony, without more, was under the circumstances of this case, insufficient to establish beyond a reasonable doubt that complainant sustained either impairment of physical condition or substantial pain within the meaning of subdivision 2 of section 140.30, and subdivision 9 of section 10.00 of the Penal Law (cf. *People v Jimenez*, 55 NY2d 895, 896; *People v McDowell*, 28 NY2d 373, 375; *Matter of Robin B.*, 78 AD2d 679; *Matter of John G.*, 82 AD2d 861). Accordingly, the conviction for burglary in the first degree should be reduced to the lesser included offense of burglary in the third degree, which lesser crime was proven at trial (cf. *People v Marrero*, 67 AD2d 951). Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROWLAND W. DORY, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Bergin, J.), rendered March 9, 1981, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The evidence against defendant consisted primarily of (1) the testimony of defendant's accomplice, Edward Strahm, corroborated by observations of defendant in Strahm's company during the course of negotiations for the sale of cocaine to an undercover police officer, (2) a taped conversation between Strahm and defendant discussing the delivery of the merchandise, (3) the fact that the actual transfer of cocaine took place in defendant's residence while defendant was present therein, and (4) observations of narcotics paraphernalia in defendant's residence. At trial, the undercover officer identified the taped conversation as "the conversation between Strahm and Dory" and defendant did not contest the fact that it was between himself and Strahm. In view of the overwhelming evidence of defendant's guilt, defendant's argument that the trial court's instructions with respect to accomplice testimony and the corroboration thereof were not as clear as they might have been, is insufficient to warrant reversal (see *People v Crimmins*, 36 NY2d 230). Further, there is no reasonable view of the evidence which lends support to defendant's claim that he acted as a mere instrumentality of the buyer (see *People v Chong*, 45 NY2d 64; cf. *People v Feldman*, 50 NY2d 500). We have considered defendant's remaining contentions and find them to be without merit. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.