**Rowland DORY, Petitioner–Appellant,**

v.

**COMMISSIONER OF CORRECTION OF the STATE OF NEW YORK and Attorney General of the State of New York, Respondents–Appellees.**

**No. 307, Docket 87–2309.**

United States Court of Appeals, Second Circuit.

Argued Dec. 6, 1988.

Decided Jan. 10, 1989.

**PER CURIAM:**

Rowland Dory was convicted in New York state court of criminal sale of a controlled substance in the first degree and sentenced to an indeterminate term of fifteen years to life. The Appellate Division and the Court of Appeals affirmed the judgment. *People v. Dory,* 90 A.D.2d 853, 456 N.Y.S.2d 104 (1982), *aff'd,* 59 N.Y.2d 121, 450 N.E.2d 673, 463 N.Y.S.2d 753 (1983). Dory then, with the assistance of counsel, petitioned for a writ of habeas corpus, raising four constitutional claims. He claims, first, that his right to a speedy trial was violated. He contends that witnesses should not have been permitted to testify about objects that they observed when the objects themselves were inadmissible. He opposes the admission of an allegedly involuntary statement. Finally, he claims that he was not proven guilty beyond a reasonable doubt because the prosecution failed to present corroborating evidence, as required by New York Criminal Procedure Law § 60.22 (McKinney 1981).

The United States District Court for the Southern District of New York, Kevin T. Duffy, Judge, summarily dismissed the petition sua sponte. The judge also issued a certificate of probable cause, permitting Dory to file this appeal.

 It is true that a petition for a writ of habeas corpus may be summarily dismissed if it fails to state a claim upon which relief may be granted. *See* Rule 4, Rules Governing Section 2254 Cases; *Colvin v. Estelle,* 506 F.2d 747, 748 (5th Cir. 1975) (per curiam); *Muhlenbroich v. Heinze,* 281 F.2d 881, 883 (9th Cir.1960) (district court may dismiss habeas petition without hearing when, as a matter of law, facts alleged do not constitute grounds for relief), *cert. denied,* 365 U.S. 873, 81 S.Ct. 907, 5 L.Ed.2d 861 (1961). Factual allegations must be "patently frivolous or false," *Pennsylvania ex rel. Herman v. Claudy,* 350 U.S. 116, 119, 76 S.Ct. 223, 225, 100 L.Ed. 126 (1956), or "vague, conclusory, or palpably incredible," *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962), for summary dismissal to be justified.

Irving Anolik, New York City, for petitioner-appellant.

John F. McGlynn, Asst. Dist. Atty., Mineola, N.Y. (Denis Dillon, Dist. Atty., Nassau County, Anthony J. Girese, Bruce E. Whitney, Asst. Dist. Attys., Mineola, N.Y., of counsel), for respondents-appellees.

Before LUMBARD, OAKES and CARDAMONE, Circuit Judges.

█ The standard for granting a certificate of probable cause is the mirror image of these rules for summary dismissal. The district court should issue the certificate if the petition is "not frivolous" and it presents some question deserving appellate review. *Alexander v. Harris,* 595 F.2d 87, 91 (2d Cir.1979) (per curiam).

█ Deciding that a petition for habeas corpus does not even merit an answer amounts to finding it frivolous. Conversely, if a judge requires the respondent to answer, he should normally allow the petitioner to appeal an adverse decision. Thus, summary dismissal followed by the grant of a certificate of probable cause is intrinsically contradictory. *See id.* Cases where those two actions can be reconciled are "rare," *id.*, and this case is not one of them. Dory's claims are not so frivolous as to warrant summary dismissal. We therefore reverse the judgment below and remand the case to the district court so that respondent may have an opportunity to answer the petition.

Judgment reversed; cause remanded.