**Gregory RODRIQUEZ,
Plaintiff–Appellant,**

v.

**Charles SCULLY and Robert Abrams,
Defendants–Appellees.**

**No. 1166, Docket 89–2393.**

United States Court of Appeals,
Second Circuit.

Argued April 16, 1990.

Decided May 29, 1990.

Arza R. Feldman, Hauppauge, N.Y., for plaintiff-appellant.

Lisa M. Loscalzo, Bronx, N.Y., Asst. Dist. Atty., Bronx County (Robert T. Johnson, Dist. Atty., Allen M. Hecht, Asst. Dist. Atty., Bronx County, of counsel), for defendants-appellees.

Before PRATT, and MINER, Circuit Judges, and RE, Chief Judge for the United States Court of International Trade, sitting by designation.

**PER CURIAM:**

This appeal is from a judgment of the United States District Court for the Southern District of New York, Whitman Knapp, *Judge,* denying Gregory Rodriquez's petition of *habeas corpus.* The claims that Rodriquez asserted are meritless, as we pointed out in our summary order of affirmance, filed April 26, 1990. We write this *per curiam* opinion, however, to avoid any possible confusion regarding the analysis district courts should apply in deciding whether to issue a certificate of probable cause.

To obtain a certificate of probable cause, the petitioner must demonstrate both that the petition is not frivolous *and* that it presents some question deserving of appellate review. *Alexander v. Harris,* 595 F.2d 87, 91 (2d Cir.1979) (per curiam); *Dory v. Commissioner of Corrections of State of New York,* 865 F.2d 44, 46 (2d Cir.1989) (per curiam). Merely asserting a non-frivolous claim is insufficient to obtain a certificate, since the petitioner must in addition demonstrate that his non-frivolous petition presents some question deserving of appellate review. Unless the petitioner also satisfies this second requirement, a district court should not issue a certificate.

In *Dory,* the district court had issued a certificate *sua sponte* after dismissing the complaint as frivolous. *Dory,* 865 F.2d at 46. We held that a "summary dismissal followed by the grant of a certificate of probable cause is intrinsically contradictory" and for this reason ordered the district court to allow the respondent to answer the petition. *Id.* Nothing in that opinion should be read as modifying the two requirements that we articulated in *Alexander.*

Affirmed.