**Leopoldo SIAO–PAO, Petitioner,**

**v.**

**John P. KEANE, Superintendent, Sing Sing Correctional Facility, Respondent.**

**No. 92 Civ. 3988 (KMW).**

United States District Court,
S.D. New York.

Jan. 6, 1995.

Clover M. Barrett, Brooklyn, NY, for petitioner.

David J. Mudd, Asst. Dist. Atty., New York City, for respondent.

## ORDER

KIMBA M. WOOD, District Judge.

Leopoldo Siao–Pao petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 2, 1992. On June 15, 1992, the petition was referred to Magistrate Judge Lee for a Report and Recommendation. Following oral argument on September 23, 1993, Magistrate Judge Lee issued an oral recommendation, subsequently memorialized in a written Report and Recommendation, dated October 27, 1993, recommending that I deny the petition. Counsel for petitioner timely filed objections to the Magistrate Judge's report. Having undertaken a *de novo* review of the Report and Recommendation and of petitioner's objections, I adopt Magistrate Judge Lee's Report and Recommendation for the reasons briefly detailed below.

Petitioner raises four grounds for relief: (1) he was deprived of his right to counsel while being questioned by the police; (2) he was deprived of his right to counsel during his arraignment; (3) the prosecution presented false statements to the grand jury for the purpose of procuring the indictment; (4) petitioner's guilty plea was not knowing and voluntary because his attorney's representation was constitutionally deficient.

With respect to the first three claims, each of which is based on events occurring before petitioner's guilty plea, I agree with the Magistrate Judge's conclusion that these claims are generally not reviewable on a petition for a writ of habeas corpus. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (holding that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").[1] Accordingly,

---

1. Under *Tollett,* a habeas petitioner may still obtain relief for a constitutional error occurring prior to a guilty plea if counsel's failure to raise or to investigate the errors constitutes ineffective assistance of counsel. *Tollett,* 411 U.S. at 267, 93 S.Ct. at 1608. However, petitioner does not argue that his attorney's advice to plead guilty was based on that attorney's constitutionally deficient failure to investigate the three, pre-plea claims specified above. Rather, petitioner bases his ineffective assistance of counsel claim on an alleged error—counsel's allegedly having told defendant that a particular co-defendant would testify against him when, in fact, it was a different

I find that these three claims for relief are without merit.

■ Unlike petitioner's first three grounds for relief, petitioner's claim of ineffective assistance of counsel *is* a cognizable ground for habeas relief because, if the allegation is true, petitioner's confession would be rendered involuntary. However, I agree with the Magistrate Judge's finding that petitioner's attorney's performance was not deficient under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and more fully detailed in the context of habeas challenges to guilty pleas in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In *Hill,* the Supreme Court determined that in order for a habeas petitioner to prevail on a claim that his or her plea was involuntary due to ineffective assistance of counsel, he or she must satisfy the same two-part test developed in *Strickland:* habeas petitioners must show both that the attorney's performance fell below an objective standard of reasonableness, *and* that "there is a reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370. Petitioner argues that his attorney's performance was constitutionally defective because the attorney erroneously informed petitioner that Molina, one of petitioner's two co-defendants, was planning to testify against him at trial, when, in fact, the prosecution had intended to call Jimenez, the other of the two codefendants. Petitioner contends that this mistake prejudiced him because he would not have pled guilty to the charge had he known that Jimenez was to be the key witness against him.

In addition to the proposed testimony of Jimenez, the prosecution planned to introduce as trial evidence against petitioner a videotaped confession in which petitioner admitted to having stabbed the victim. The

prosecution also planned to show that petitioner's fingerprints were found on a plastic card discovered next to the victim's body. *See* Affirmation in Opposition to Motion to Vacate, Indictment No. 5784/81 at 2. Because of the substantial inculpatory evidence against petitioner, I concur in the Magistrate Judge's finding that petitioner has not established that "but for" his attorney's alleged errors, he would have insisted on going to trial. Accordingly I hold that petitioner's ineffective assistance of counsel claim lacks merit.

I thus adopt the Report and Recommendation of Magistrate Judge Lee, and deny petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the petition presents no questions of substance for appellate review, a certificate of probable cause shall not issue. *Rodriquez v. Scully,* 905 F.2d 24 (2d Cir.1990) (per curiam); *Alexander v. Harris,* 595 F.2d 87, 90–91 (2d Cir.1979). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

## REPORT AND RECOMMENDATION TO JUDGE WOOD

LEE, United States Magistrate Judge.

This petition for a writ of habeas corpus was referred for report and recommendation by Order of Reference entered June 15, 1992. Counsel was appointed for petitioner by Order entered March 22, 1993. Oral argument was heard on September 23, 1993 at which petitioner's counsel was heard and respondent's counsel elected to submit. My recommended decision was then read into the record. The original transcript is attached hereto.[1] For the reasons stated at pp. 471–——, I recommend that the petition for habeas corpus be denied.

---

co-defendant who was to testify against him— *that is unconnected to the constitutional claims* he now raises in the first three grounds contained in the instant habeas petition.

1. Copies of the transcript are not attached to the copies of this report being sent to counsel, who are responsible for ordering their own copies from the court reporter, and, in the case of court-appointed counsel, seeking court authorization for payment where necessary.

*NOTICE*

The foregoing constitutes my recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B). Any party may object to this recommendation within 10 days of the date of mailing by filing to the opposing party, to the Hon. Kimba M. Wood, U.S.D.J., and to the undersigned. Failure to file objections within 10 days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72(b); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair, Ltd.,* 838 F.2d 55, 58 (2d Cir.1988).

## ATTACHMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

Leopoldo Siao–Pao, Petitioner,

v.

John P. Keane, Superintendent, Sing Sing Correctional Facility, Respondent.

92 civ. 3988 (KMW)

September 23, 1993

9:45 a.m.

Before: HON. BARBARA A. LEE, Magistrate Judge

## APPEARANCES

CLOVER M. BARRETT, Attorney for petitioner.

## DECISION

Transcript of Oral Recommendation

THE COURT: My recommended decision is that the petition for habeas corpus be denied for the following reasons:

Petitioner Leopoldo Siao–Pao pleaded guilty to felony murder in Supreme Court, New York County on July 7, 1982 before the Honorable Peter McQuillan, Justice of the Supreme Court.

At the time of the plea, petitioner was represented by counsel, William Poppe Esq., and the process of jury selection for his trial had begun. There was a lengthy and detailed allocution to the plea, the transcript of which runs some 59 pages. It is Exhibit C to the appendix filed with the respondent's answer in this court.

Justice McQuillan questioned petitioner in considerable detail about the facts and about his understanding of the charges and his desire to plead guilty. During the course of the allocution, petitioner several times conferred with his attorney. Both petitioner's attorney and Justice McQuillan made a conscious effort to speak in plain English and avoid legal technicalities. For example, the meaning of "concurrent sentences" was explained to petitioner and the judge expressly advised him to ask questions if there was anything he did not understand during the course of the allocution.

Petitioner admitted that he had stabbed one Patrick Kane and a companion, during the course of a robbery which was committed by petitioner and two others, Molina and Jiminez.

The petition for habeas corpus, which was originally filed pro se alleges, among other things, that petitioner's guilty plea was "unintelligent and involuntarily entered due to ineffective assistance of counsel." That is ground 3 of the petition, paragraph 12(c), page 6.

Petitioner also raises a number of issues relating to proceedings before the guilty plea. His principal argument, which is ground 1, paragraph 12(a), and the one to which counsel devoted her time on oral argument, is that he was deprived of his right to counsel while being questioned at the police precinct immediately after his arrest. He also challenges certain aspects of his arraignment, the grand jury proceedings, and the pretrial suppression hearing.

By order entered March 22nd, 1993, I appointed Clover M. Barrett, Esq. as counsel for the petitioner. Ms. Barrett filed a brief that was extremely helpful to me in understanding the issues. There are three decisions of the Supreme Court of the United States which govern here and which require the denial of the petition on the facts of this case. They are *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235

(1973); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Tollett held that when a criminal defendant on advice of counsel has solemnly admitted in open court that he is guilty of a charged offense, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the plea. He may only attack the voluntary and intelligent character of the plea. In other words, under *Tollett,* the only issue reviewable by a federal court on a habeas petition is whether the guilty plea in state court was knowing, intelligent, and voluntary.

■ The standards for determining that question are set out in *Hill v. Lockhart,* which held that where a habeas petitioner challenges the voluntariness of a guilty plea in a state criminal case on grounds of ineffective assistance of counsel, he must satisfy the two-pronged test set out in *Strickland v. Washington.* First, the petitioner must show that counsel's representation fell below an objective standard of reasonableness; second, he must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. In other words, and I'm quoting here from *Hill,* at page 59, he "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Here, the record indicates that petitioner received effective and vigorous assistance of counsel in connection with his plea. The only error he alleges is that counsel told him the state intended to call one of his confederates, Molina, to testify against him, when in fact, the state intended to call the other one, Jiminez.

■ It should be noted that there is no evidence in the record contemporaneous or otherwise which corroborates this self-serving assertion by petitioner regarding what he was told and what influence it had on his decision. He does include letters from his appellate counsel in the state court which

point out that if he were to succeed in challenging his guilty plea, he might be found guilty at trial in part because the testimony of Molina would presumably be highly damaging. This correspondence, of course, casts no light on what petitioner was told at the time of the plea or what influenced him to plead guilty. The law is very clear that a habeas petitioner's self-serving testimony after the fact that he would have gone to trial if he had known one or another fact is in and of itself insufficient. See *Panuccio v. Kelly,* 927 F.2d 106, 109 (2d Cir.1991).

Although there is no evidence in the record corroborating petitioner's theory, assuming that his trial counsel did indeed tell him that Molina was going to testify against him, and assuming further that information was incorrect, petitioner has not shown ineffective assistance of counsel in accordance with the very high standard established in the *Hill* and *Strickland* cases. There is nothing to indicate that this information, if it was indeed communicated to petitioner and if it was indeed in error, was the product of the failure of counsel to measure up to an objective standard of reasonableness.

In addition, petitioner cannot satisfy the second prong of the *Hill/Strickland* test by showing prejudice. The statement on which he relies is simply not material. It is inconceivable that petitioner's decision whether or not to plead guilty could have turned on which of his confederates was going to be a witness for the prosecution.

In summary, the question whether petitioner's Miranda rights were violated is not reviewable in this court. Petitioner's reliance on *Withrow v. Williams,* 113 Supreme Court 1745, decided April 21, 1993, is misplaced. In that case there was a trial and the Supreme Court held that the issue whether petitioner's Miranda rights had been violated was reviewable on habeas. Since there was no guilty plea in that case, it has no bearing on whether the similar issue raised by petitioner is reviewable here notwithstanding *Hill v. Lockhart* and *Tollett v. Henderson.*

The foregoing constitutes my recommended decision pursuant to 28, United States Code, Section 636(b)(1)(B). ·

As soon as I receive the original transcript of today's proceedings, I will forward it to Judge Wood with a one-page covering report identifying the pages at which my recommended decision appears. A copy of that report will be mailed to counsel at the time it is forwarded to Judge Wood. The transcript will not be attached. The parties are responsible for ordering their own copies of the transcript from the reporter. And your time to object will run from the date of the mailing of that report.

For that reason, I will direct the reporter to furnish the original transcript to chambers, room 121, United States Court House, rather than filing it directly with the clerk. It will be filed with the clerk at the time that my report and recommendation is forwarded to Judge Wood. And I would appreciate the reporter's efforts to get that out reasonably promptly since habeas cases are supposed to be decided promptly.

Any party may object to the recommended decision within 10 business days of the mailing of the report and recommendation by filing written objections with the clerk of the court and mailing copies to the opposing party, to Judge Wood, and to me. Failure to file such objections within 10 business days is a waiver of the right to raise any of those issues on appeal.

I want to thank Ms. Barrett for accepting appointment in this case and for her vigorous representation of this petitioner.

Thank you.

MS. BARRETT: Thank you, your Honor.