**Kenneth SHANNON, Petitioner,**

v.

**Christopher ARTUZ, as Superintendent of Greenhaven Correctional Facility of the State of New York, Respondent.**

**No. 96 Civ. 4112(WK).**

United States District Court,
S.D. New York.

Nov. 24, 1997.

Ernest H. Hammer, New York, NY, for petitioner.

Alan Gadlin, Asst. Dist. Atty., New York County District Attorney's Office, New York, NY, for respondent.

## OPINION & ORDER

WHITMAN KNAPP, Senior District Judge.

Before us is a habeas corpus petition brought by Kenneth Shannon ("petitioner"), pursuant to 28 U.S.C. § 2254, to vacate his state conviction for assisting one Billie Bokun in the shooting and killing one Michael Holly. In support of his requested relief, petitioner asserts that various trial court evidentiary rulings denied him his constitutional right to a fair trial. For the reasons that follow, the petition is denied.

## BACKGROUND

At trial, it was established that petitioner belonged to the "Westies" organized crime group which was formed in the mid–1960's and based in the Hell's Kitchen section of Manhattan. The group's activities included loansharking, narcotics dealing, extorting local labor unions and controlling New York's West Side piers. *See, e.g., U.S. v. Coonan* (2d Cir.1991) 938 F.2d 1553, 1556. Furthermore, the gang "routinely engaged in extreme acts of violence and effectively cultivated a reputation for barbarism." *Id.* For example, gang members murdered and dismembered a loansharking customer who had fallen behind in his payments. *Id.* In another incident a loansharking customer was pistol-whipped for missing his payments and for making disparaging remarks about the Westies. *Id.* at 1557. Over time, the gang enhanced its power by entering into an alliance with the Gambino Organized Crime Family. *Id.* at 1556.

By the mid–1970's, Francis "Mickey" Featherstone had become second-in-command of the Westies. *See, e.g., Coonan,* 938 F.2d, at 1556. On March 25, 1977, John Bokun shot Michael Holly in the chest following an argument. When a police officer attempted to intercede, Bokun fired shots at the officer. The officer then shot and killed John Bokun. As a result, the Westies held Holly responsible for the death of John Bokun and plotted to avenge the killing. *Id.* at 1558. On April 25, 1985, Michael Holly was shot and killed.

Featherstone was originally convicted of murdering Holly. He later entered into a cooperation agreement with law enforcement authorities, under which he agreed to plead guilty to a federal racketeering offense; in return the authorities promised to investigate Featherstone's claim of innocence.

During that investigation, tape-recorded conversations were uncovered in which Billie Bokun, a Westie, acknowledged shooting Holly and petitioner stated that he had driven Bokun to and from the scene of the shooting. As a result of this evidence, Bokun and petitioner were charged as co-defendants for the murder of Holly and Featherstone's conviction was set aside.

At petitioner's trial, the state suggested that Michael Holly's murder was a gang related incident motivated by revenge for John Bokun's death. Additionally, the state explained that Holly had gained a reputation for defying the gang and submitted that the murder was a public assertion of dominance by the Westies to deter others from resisting.

In support of these assertions, the state put forth evidence of the Westies' other illegal activities including loansharking and narcotics dealing in order to show the existence and nature of the gang. Also, the tape-recorded statement by petitioner was admitted, as well as, a part of Billie Bokun's plea allocution indicating that there had been a getaway driver, although the allocution did not reveal the identity of the driver. Testimony that Featherstone had told Bokun to confess to the murder and that he (Featherstone) would then arrange to get Bokun out of prison was also admitted at trial. However, Featherstone's statement that he would "come out and find out what really happened" was excluded.

On July 28, 1989, petitioner was convicted of murder in the second degree for his participation in Holly's murder. He was thereafter sentenced to eighteen years in prison. His conviction was affirmed by the Appellate Division, First Judicial Department on September 22, 1994 and leave to appeal to the Court of Appeals was denied on January 9, 1995. Petitioner now seeks habeas corpus relief under 28 U.S.C. § 2254.

## DISCUSSION

Petitioner claims that habeas corpus relief should be granted because the trial court: (1) introduced prejudicial, inflammatory evidence of other crimes which were unrelated to the crime charged; (2) *sua sponte* excluded testimony which could have resulted in evidence that an admission-against-interest of the petitioner was feigned and borne of fear; and (3) erroneously allowed the introduction of Billie Bokun's plea allocution in violation of the petitioner's constitutional right. to confront and cross-examine witnesses.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner's application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *See, e.g., Boria v. Keane* (2d Cir.1996) 90 F.3d 36, 38. We will proceed to consider each claim under this standard.

### A. *The Trial Court's Admission of Uncharged Crimes Did Not Violate Petitioner's Rights.*

■ Petitioner contends that the introduction of evidence that the Westies engaged in loansharkinq and narcotics trafficking was inflammatory and prejudicial, and therefore, denied him a fair trial. Although evidence of uncharged crimes is not admissible to show bad character or propensity towards crime, where the court determines that its probative value exceeds the potential for prejudice towards the defendant, uncharged crimes evidence is admissible to show intent, motive, knowledge, common scheme or plan, or identity of the defendant. *See,* Federal Rules of Evidence 404(b); *See, e.g., People v. Alvino* (1987) 71 N.Y.2d 233, 242, 525 N.Y.S.2d 7, 519 N.E.2d 808.

■ In the case at hand, the trial court reasonably found that evidence of the other crimes was relevant to demonstrate the existence and nature of the gang. *See, e.g., U.S. v. McGuire* (8th Cir.1995) 45 F.3d 1177, 1188 (concluding that other crimes evidence is admissible to show relations of trust among the parties involved). The trial court was justified in concluding that the fact the "Westies" were a gang was necessary in light of the prosecution's theory that Michael Holly's murder was motivated by revenge and the desire to assert their dominance. In turn, the court was further justified in concluding

that evidence tending to show that petitioner was a part of the gang was relevant to prove petitioner's motive for assisting in the murder of Michael Holly.

### B. *The Plea Allocution Was Properly Admitted as a Declaration Against Penal Interest*

Petitioner contends that co-defendant Billy Bokun's explanation that someone procured a station wagon in midtown Manhattan, picked him up, and circled the block with him looking for the victim violated the Confrontation Clause. However, Bokun did not provide the name of the individual. The trial court excluded much of the statement concerning the activities of the persons with whom Bokun planned the crime, admitting only that part which made clear that there was a driver.

■ Applying federal law, the trial court determined that there was no violation of the Confrontation Clause of the Sixth Amendment. The Confrontation Clause permits the admission of a hearsay statement when "the declarant is unavailable and the statement bears adequate indicia of reliability." *See, e.g., U.S. v. Sasso* (2d Cir.1995) 59 F.3d 341, 348–49. A declarant is unavailable if "his attorney represents that the declarant will assert his privilege against self-incrimination if called to testify." *See, e.g., U.S. v. Williams* (2d Cir.) 927 F.2d 95, 99, *cert. denied,* (1991) 502 U.S. 911, 112 S.Ct. 307, 116 L.Ed.2d 250. A statement which falls within a firmly rooted exception to the hearsay rule or when circumstances surrounding the statement provide guarantees of trustworthiness bears adequate indicia of reliability. *See, e.g., U.S. v. Matthews,* (2d Cir.1994) 20 F.3d 538, 545; *Idaho v. Wright,* (1990) 497 U.S. 805, 820, 110 S.Ct. 3139, 3149, 111 L.Ed.2d 638.[1]

■ Here, Bokun was unavailable because he had asserted his privilege not to testify and risk incriminating himself with respect to pending federal charges. The trial court reasonably permitted an inference of trust-

---

1. If a statement qualifies as a declaration against penal interest: under the Federal Rules of Evidence, it is normally reliable enough that its admission does not violate a defendant's right to

confrontation. *U.S. v. Stratton* (2d Cir.1985) 779 F.2d 820, 830, *cert. denied* (1986) 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726.

 

worthiness because the declaration against penal interest was under oath, in the form of a guilty plea, and was corroborated by the petitioner himself in the tape recorded admission. *See, e.g., U.S. v. Williams* (2d Cir. 1991) 927 F.2d 95, 98 (finding that a plea allocution is particularly trustworthy when the facts elicited are supported by other evidence).

Accordingly, we find that the trial court's application of federal law was not unreasonable, the evidence was properly admitted as an exception to the hearsay rule.

C.  *The Trial Court's Exclusion of Testimony Which Petitioner Alleges Would Have Bolstered His Defense Was at Worst Harmless Error.*

■ Petitioner claims that the trial court improperly struck a portion of witness testimony regarding a message Featherstone asked the witness to relay to Bokun. However, the court did admit testimony that Featherstone had told Bokun to confess to the murder and that he (Featherstone) would then arrange to get Bokun out of prison. The court only precluded a statement by Featherstone that upon release he would "come out and find out what really happened." Petitioner argues that this excluded statement was relevant and admissible because it demonstrated Bokun's state of mind by showing that he only admitted guilt because Featherstone threatened him. Therefore, the court's preclusion prevented testimony which would have shown that petitioner was also threatened.

We conclude that even if the trial court erred in excluding this statement it was a harmless error. The statements which were admitted were sufficient to alert the jury that Bokun and petitioner may have admitted guilt out of fear of Featherstone.

Accordingly, the trial court's decision to exclude the evidence was not an unreasonable application of federal or constitutional law.

## CONCLUSION

Based on the foregoing, we conclude that petitioner's claims in support of habeas cor-pus relief pursuant to 28 U.S.C. § 2254 are without merit. Accordingly, the petition is denied.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. Section 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *See generally Lozada v. U.S.* (2d Cir.1997) 107 F.3d 1011; *see also Rodriquez v. Scully* (2d Cir.1990) 905 F.2d 24 (per curiam)(discussing certificate of probable cause under standard prior to 1996 amendment to section 2253); *Alexander v. Harris* (2d Cir.1979) 595 F.2d 87, 90–91. On the contrary, we certify pursuant to 28 U.S.C. Section 1915(a) that any appeal from this order would not be taken in good faith. See *Coppedge v. U.S.* (1962) 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21.

**SO ORDERED.**