Victor **MILLAN**, Petitioner,

v.

**State of CONNECTICUT, Respondent.**

**No. 397CV2421(PCD)(JGM).**

United States District Court,
D. Connecticut.

June 2, 1999.

Victor Millan, Cheshire, CT, petitioner pro se.

Jo Anne Sulik, Appellate Bureau, Office of the Chief State's Attorney, Rocky Hill, CT, James A. Killen, Office of the Chief State's Attorney, Rocky Hill, CT, for State of Connecticut, respondent.

*RULING ON PETITION FOR WRIT OF HABEAS CORPUS*

DORSEY, District Judge.

The petitioner, an inmate confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

*Procedural Background*

On September 14, 1995, after a jury trial in the Connecticut Superior Court for the judicial district of Hartford–New Britain at Hartford, the petitioner was found guilty of kidnaping in the first degree in violation of Connecticut General Statutes §§ 53a–92(a)(1)(A), 53a–92(a)(2)(C) and 52a–8; attempted larceny in the first degree in violation of Connecticut General Statutes §§ 53a–49(a)(2), 53a–122(a)(1) and 53a–122(a)(2); robbery in the first degree in violation of Connecticut General Statutes §§ 53a–134(a)(4) and 53a–8; larceny in the second degree in violation of Connecticut General Statutes §§ 53a–123(a)(3) and 53a–8; conspiracy to commit kidnaping in the first degree in violation of Connecticut General Statutes §§ 53a–48, 53a–92(a)(1)(A) and 52a–(a)(2)(C); and conspiracy to commit larceny in the first degree in violation of Connecticut General Statutes §§ 53a–48, 53a–122(a)(1) and 53a–122(a)(2). On October 27, 1995, he was sentenced to a total effective term of imprisonment of thirty-six years.

The petitioner appealed his conviction on one ground, that the trial court improperly instructed the jury on the concept of reasonable doubt. The Connecticut Appellate Court affirmed the conviction without opinion. *See State v. Millan,* 45 Conn.

App. 912, 694 A.2d 843 (per curiam), *cert. denied,* 242 Conn. 905, 697 A.2d 689 (1997).

On November 17, 1997, the petitioner commenced this action. The original petition asserted two grounds for relief, the constitutionality of the jury instruction on reasonable doubt and "other constitutional violations." (*See* Doc. # 1.) On July 24, 1998, the court granted the respondent's motion for more definite statement and directed the petitioner to file an amended petition clarifying or deleting the second ground for relief. (*See* Doc. # 19.) On August 26, 1998, the petitioner filed an amended petition containing a challenge to the reasonable doubt instruction as the only ground for relief.

*Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. Because the petitioner commenced this action on November 17, 1997, the court applies the amendments to 28 U.S.C. § 2254(d) contained in the AEDPA in considering the petition. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997) (in non-capital cases, AEDPA amendments apply to cases filed after the statute's enactment).

■ The AEDPA amendments have increased the deference afforded the factual findings and legal determinations made by the state courts. *See Lindh v. Murphy,* 96 F.3d 856, 869 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Feder-

al law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997) (AEDPA increases deference afforded state court factual determinations); *Ford v. Ahitow,* 104 F.3d 926, 935 (7th Cir.1997) (AEDPA requires federal courts to give greater deference to state court determinations than they were required to do prior to the amendment of § 2254).

■ In addition, the courts no longer exercise *de novo* review over questions of law. The federal court may grant habeas corpus relief only when the state court decision is "contrary to" established federal law as determined by the Supreme Court. *See Bocian v. Godinez,* 101 F.3d 465, 471 (7th Cir.1996).

■ If the Supreme Court has not addressed the issue, a district court must determine "whether the state court's use of (or failure to use) existing law in deciding the petitioner's claim involved an 'unreasonable application' of Supreme Court precedent." *Id.* Thus, a district court must determine "whether a state judge could reasonably read Supreme Court precedent as permitting the result of which [the petitioner] now complains." *Mata v. Johnson,* 99 F.3d 1261, 1268 (5th Cir.1996). "[W]hen the constitutional question is a matter of degree, rather than of concrete entitlements, a "reasonable" decision by the state court must be honored." *Lindh,* 96 F.3d at 871. The applicable standard for reasonableness "is whether the [state court] determination is at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). Although § 2254 now precludes a district court from deciding a case based on its own jurisprudence, reference to decisions of "inferior federal courts [that] have decided factually similar cases" may be used to "assess[ ] the reasonableness vel non of the state court's treatment of the contested issue." *O'Brien,* 145 F.3d at 25.

■ Collateral review of a conviction is not merely a "rerun of the direct appeal." *Lee v. McCaughtry,* 933 F.2d 536, 538 (7th Cir.1991), *cert. denied,* 502 U.S. 895, 112 S.Ct. 265, 116 L.Ed.2d 218 (1991). Thus, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Brecht v. Abrahamson,* 507 U.S. 619, 634, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citations and internal quotation marks omitted).

### Discussion

■ The petitioner claims that the trial court instruction on reasonable doubt denied him his constitutional rights. This court disagrees.

The Supreme Court has long held that jury instructions "must be viewed in the context of the overall charge," and a "single instruction to a jury may not be judged in artificial isolation." *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *see also, e.g., Cage v. Louisiana,* 498 U.S. 39, 41, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) ("In construing the instruction, we consider how reasonable jurors could have understood the charge as a whole."). In addition, the Court has held that

so long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, "taken as a whole, the instructions [must] correctly

conve[y] the concept of reasonable doubt to the jury."

*Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (citations omitted, brackets in original).

The Second Circuit has upheld jury instructions describing reasonable doubt as a "doubt for which a reasonable man can give a valid reason," *Leecan v. Lopes,* 893 F.2d 1434, 1443 (2d Cir.), *cert. denied,* 496 U.S. 929, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990), and as "a doubt for which you can give a reason if called upon to do so by a fellow juror." *Vargas v. Keane,* 86 F.3d 1273, 1277–78 (2d Cir.), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996). Although disapproving of the chosen phrasing, the Second Circuit determined that taken in context, the jury charge adequately conveyed requisite burden of proof.

Here, in its preliminary instructions, the trial court instructed the jury that a reasonable doubt is "the kind of doubt which reasonable persons, such as yourselves in the ordinary and-or, in the serious and more important affairs of your life, would hesitate to act upon" and that it would "be the kind of doubt upon which reasonable persons, such as yourselves, in the more serious and important affairs of your lives, would hesitate to act upon." (Pet.'s Brief on Appeal, Resp't's Answer App. B, at 4.)

At the conclusion of the trial, the court instructed the jury that:

A reasonable doubt is a doubt which is something more than a guess or a surmise. It's not a conjecture or a fanciful doubt. A reasonable doubt is not a doubt which is raised by someone simply for the sake of raising doubts. Nor is it a doubt suggested by the ingenuity of counsel or any of the jurors, which is not justified by the evidence or lack of evidence. A reasonable doubt is a doubt based on reason, and not on the mere possibility of innocence. It's a doubt for which you can, in your own mind, conscientiously give a reason.

A reasonable doubt, in other words, is a real doubt, an honest doubt, a doubt which has its foundation in the evidence or lack of evidence. It's the kind of doubt which, in the serious affairs which concern you in everyday life, you would pay heed and attention to. It's the kind of doubt which would make a reasonable person hesitate to act.

(Transcript of Jury Charge, Resp't's Answer App. D, at 722–23.)

The language used in the jury instruction at issue here, is similar to the language previously considered by the Second Circuit and found not to violate the Constitution. In addition, after reviewing the entire charge, the court concluded that the jury charge, taken as a whole, adequately conveyed the concept of reasonable doubt to the jury. Thus, the petitioner fails to demonstrate that the jury instruction on reasonable doubt given in his case constituted a federal constitutional violation.

*Conclusion*

The amended Petition for a Writ of Habeas Corpus [Doc. # 20] is DENIED. In addition, the court determines that the petition presents no question of substance for appellate review, and that the petitioner has failed to make a "substantial showing" of denial of a federal right. *See Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Rodriquez v. Scully,* 905 F.2d 24 (2d Cir.1990). Accordingly, a certificate of appealability will not issue. The Clerk is directed to close this case.