Jessica JIMENEZ, Petitioner,

v.

UNITED STATES, Respondent.

Nos. 00 Civ. 8819(DLC),
99 CR 157(DLC).

United States District Court,
S.D. New York.

April 18, 2001.

Jessica Jimenez, FCI Danbury, Danbury, CT, Daniel Gitner, United States Attorney, New York, NY, Petitioner, pro se.

*OPINION AND ORDER*

COTE, District Judge.

On October 12, 2000, Jessica Jimenez ("Jimenez") signed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2255. Jimenez entered a plea agreement with the Government that contained a guidelines stipulation and was sentenced on December 10, 1999, principally to a prison term of 60 months, following her plea of guilty to conspiring with others to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 846. Jimenez, who did not appeal her conviction, now contends that (1) her assigned counsel for plea and sentence was ineffective in not advising her correctly regarding her opportunity to qualify for the "safety valve" sentence adjustment, which would have allowed her to receive a sentence below the mandatory minimum prison term of 60 months, and (2) that her conviction violates the principles stated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] For the following reasons, the petition is denied.

## BACKGROUND

On January 26, 1999, Jimenez was arrested and on February 16, March 4, and May 13, 1999, indictments were filed charging her and twelve others with conspiring to distribute and possess with the intent to distribute five grams and more of crack cocaine from October 1997 until January 1999.[2] On July 28, 1999, pursuant to a plea agreement ("Agreement"), Jimenez pleaded guilty to the first count of a superceding information and admitted, under oath, that she had conspired to distribute five grams of crack cocaine. As part of the Agreement, the Government agreed to downward adjustments based upon Jimenez' minimal role and acceptance of responsibility, and Jimenez stipulated to a base offense level of 32, and agreed not to

appeal or collaterally attack a sentence within a range of 60 to 71 months imprisonment. In the Agreement, Jimenez additionally acknowledged that, because she had not made a proffer to the Government, she was not eligible for a sentence below the mandatory minimum pursuant to the "safety valve" provision, 18 U.S.C. § 3553(f).

At the time of her plea, the Court advised Jimenez about the safety valve provision and described, in detailed terms, that she could receive a sentence below the 60–month statutory minimum if she made a truthful disclosure to the Government at any time before sentence was imposed of her activity and the activity of others in connection with the conspiracy to which she was pleading guilty. She stated, while under oath, that she understood.

During her allocution, Jimenez stated that she, with others, had "agreed to pack crack cocaine in 1998," and affirmed that she participated in "packaging 5 grams or more of crack cocaine." On December 10, 1999, Jimenez was sentenced to the mandatory minimum term of 60 months in prison. At the sentencing hearing, neither Jimenez nor her attorney objected to statements in the Presentence Investigation Report that Jimenez trafficked in at least 5 grams of crack cocaine. Jimenez did not appeal her conviction.

## DISCUSSION

### A. Ineffective Assistance of Counsel

▮ Jimenez asserts that she received ineffective assistance of counsel at the time of her plea and sentence because

---

1. Jimenez also raised in her petition a claim that she merited relief based upon her postconviction rehabilitation. In her reply to the Government's opposition, Jimenez withdrew that claim.

2. All the defendants have subsequently pleaded guilty.

her attorney improperly advised her regarding the safety valve provision. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show: (1) that her attorney's performance fell below an objective standard of reasonableness, and (2) there is a "reasonable probability" that the outcome would have been different but for counsel's error. *United States v. Davis,* 239 F.3d 283, 286 (2d Cir.2001). A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Flores v. Demskie,* 215 F.3d 293, 304 (2d Cir.2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." *Clark v. Stinson,* 214 F.3d 315, 321 (2d Cir.2000) (citation omitted).

 The safety valve provision, 18 U.S.C. § 3553(f), is only available to defendants who meet each of its five requirements. One of those requirements is that the defendant truthfully provide to the Government all information and evidence that the defendant has concerning the offenses that were part of the same course of conduct or of a common scheme or plan with the offense of conviction. This provision requires the defendant to reveal not just her own activity, but also the activity of others in connection with the offense of conviction. Jimenez was advised by the Court of the requirements for eligibility for the safety valve and, at the time of sentence, defense counsel assured the Court that he had focused on the safety valve issue repeatedly in representing his client.

 Jimenez contends that her assigned counsel misled her regarding the safety valve procedure when he advised her that she would be required to tell the Government all that she knew about her own "involvement," as well as others' involvement, in the drug conspiracy in order to qualify, and that she would be subject to additional prison time and charges should she submit to the necessary interview with the Government. Jimenez' attorney's advice was legally and factually correct. Jimenez would be obligated, in a proffer session, to explain all that she knew about her involvement and her co-conspirators' involvement in the drug conspiracy. It is also worth noting that Jimenez' contention, in her response to the Government's opposition to her petition, that she could not participate in a proffer because she did not know of "others activities [sic]," directly contradicts her plea allocution, in which she admitted that she and others packaged crack cocaine, that she was paid for her efforts, and that she knew the crack cocaine was sold.

Of course, depending on what Jimenez actually did as a member of the conspiracy, a proffer session could have exposed Jimenez to additional prison time. Jimenez was originally indicted for a conspiracy that carried a ten-year mandatory minimum punishment. The superceding information to which Jimenez entered her plea carried a mandatory minimum term of imprisonment of five years and contained a charge based on a smaller quantity of drugs than that contained in the original indictment. A truthful proffer session with the Government may well have revealed that her offense level and mandatory minimum term of imprisonment should have been set according to the original indictment or that she was not entitled to the 4 level minor role adjustment she received pursuant to the Agreement. In sum, Jimenez has not provided any basis to find that her attorney's advice regarding the safety valve was erroneous or that the decision not to participate in a proffer

session with the Government was anything other than a well-advised tactical decision.

■ Moreover, under the Agreement, Jimenez gave up her right to appeal or otherwise litigate any sentence of 71 months or less. There are certain circumstances where that waiver will not be enforced. "[A] plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel," and, therefore, it is generally appropriate to review the constitutionality of the process by which such a plea was entered, despite the waiver. *United States v. Hernandez,* 242 F.3d 110, 113–14 (2d Cir.2001) (per curiam). Jimenez has not claimed that her attorney was ineffective in negotiating her plea agreement or that she entered the Agreement without the effective assistance of her counsel. Her colloquy with the Court at her plea confirms that she understood the principal terms of the Agreement, including the waiver term, and that she voluntarily executed the Agreement. There is, therefore, no reason not to enforce the waiver, and her 60-month sentence cannot be challenged.

### B. *Apprendi*

■ Petitioner additionally asserts that her sentence is improper based upon *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In the first instance, Jimenez' waiver of her right to appeal or collaterally attack her conviction precludes litigation of this issue. In any event, Jimenez did not, in fact, appeal her conviction, and has not established either the cause or prejudice for her failure to do so that would allow this Court to hear this claim. *See Rosario v. United States,* 164 F.3d 729, 732 (2d Cir.1998).

■ Even reaching the substance of petitioner's *Apprendi* claim does not assist Jimenez. *Apprendi* cannot be raised to challenge sentences within the statutory maximum. *Apprendi,* 120 S.Ct. at 2361, n. 13, 120 S.Ct. 2348. Moreover, the superceding indictment and Agreement gave her specific notice of the quantity and nature of the drug at issue, and thus of the sentencing parameters, and Jimenez affirmed, in her allocution, that she conspired to distribute five grams or more of crack cocaine. Under these circumstances, the sentence imposed on her had an adequate factual basis. *See United States v. Champion,* 234 F.3d 106, 110 n. 3 (2d Cir.2000) (per curiam).

### CONCLUSION

Jimenez' petition is denied. The Clerk of Court shall close the case.

I further decline to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. *Tankleff v. Senkowski,* 135 F.3d 235, 241 (2d Cir.1998); *Rodriquez v. Scully,* 905 F.2d 24 (2d Cir. 1990). Should the petitioner seek to appeal in forma pauperis, I find, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED: