FILED

**NOT FOR PUBLICATION**

MAY 6 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HUGO YANEZ,

Defendant-Appellant.

No.   22-36056

D.C. Nos.   6:22-cv-00019-BMM
6:19-cr-00001-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted April 26, 2024
Missoula, Montana

Before:  MURGUIA, Chief Judge, and S.R. THOMAS and JOHNSTONE, Circuit
Judges.

Defendant-Appellant Hugo Yanez appeals the district court's denial of his

§ 2255 habeas petition to reduce his sentence for conspiracy to distribute

methamphetamine.  The district court had jurisdiction under 28 U.S.C. § 2255.

Because the district court's order was a final order that granted Yanez a certificate

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of appealability, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We **AFFIRM** the district court's denial of Yanez's § 2255 motion.

We "review the denial of [a] § 2255 motion de novo." *United States v. Pollard*, 20 F.4th 1252, 1255 (9th Cir. 2021). "[W]e review for clear error any factual findings the district court made in deciding the motion." *United States v. Seng Chen Yong*, 926 F.3d 582, 589 (9th Cir. 2019). The "denial of an evidentiary hearing is reviewed for abuse of discretion." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

I

In his petition and on appeal, Yanez primarily argues that his attorney at sentencing rendered constitutionally ineffective assistance of counsel, challenging his counsel's performance as to the district court's imposition of a leadership enhancement. He argues that if the district court had not applied the United States Sentencing Guidelines § 3B1.1(c) role enhancement, the advisory guideline range would have been lower, and the district court could have imposed a sentence below the mandatory minimum.

To prevail on an ineffective assistance of counsel claim, a defendant must prove both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's

2

unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Yanez contends his counsel was ineffective because she did not sufficiently argue against the imposition of the leadership enhancement. However, counsel filed a sentencing memorandum objecting to the imposition of the leadership enhancement. At the sentencing hearing, Yanez's counsel again objected to the leadership enhancement. In her oral argument, she addressed whether Yanez exerted control over the co-defendants. Yanez complains that the focus of the argument was on Yanez's supervision of co-defendant Blume, and not co-defendant Bame. However, counsel objected to the imposition of the leadership enhancement on the basis of both co-defendants, and in rebuttal, she specifically focused on whether Yanez exerted control over Bame. In addition, at sentencing, the government and district court were focused on Yanez's supervision over Bame, so it was natural to devote the bulk of her argument on his direction of Bame. Counsel was not deficient in her performance within the meaning of *Strickland*.[1]

---

[1]We note that sentencing counsel was successful in objecting to a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1.

3

Further, Yanez does not identify the facts or arguments counsel would have unearthed with more investigation or consultation time that may have resulted in a lower sentence. The only fact in the presentence report he disputes is his involvement in an October 2018 trip. But the amount of methamphetamine at issue in that trip would not have affected his sentence, and Bame was not present on that trip. Yanez cannot "affirmatively prove prejudice" from his counsel's performance. *Strickland*, 466 U.S. at 693; *cf. id.* at 690 ("[A] claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."). Therefore, Yanez has not established prejudice within the meaning of *Strickland*.

In sum, there is no principled difference between the actions Yanez claims his counsel should have taken and her actual performance. Yanez cannot prove with reasonable likelihood that his sentence would have been altered but for her errors. The district court did not err in denying Yanez's § 2255 motion.

II

The district court did not abuse its discretion in denying an evidentiary hearing. Yanez has not "made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). An evidentiary hearing was not warranted here

4

because, "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief." 28 U.S.C. § 2255.[2]

**AFFIRMED.[3]**

---

[2]The government argues that the district court improperly granted the certificate of appealability, and we should vacate the certificate of appealability as improvidently granted. This case does not present the "exceptional circumstances" when the vacatur of a COA may be appropriate. *Phelps v. Alameda*, 366 F.3d 722, 728 (9th Cir. 2004). The government also argues that granting a certificate of appealability after summarily dismissing a § 2255 motion is "intrinsically contradictory." *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (quoting *Dory v. Comm'r of Corr. of N.Y.*, 865 F.2d 44, 45-46 (2d Cir. 1989)). However, *Hendricks* was decided prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and involved a Certificate of Probable Cause—not a Certificate of Appealability. The relevant AEDPA sections concerning summary dismissals (28 U.S.C. § 2255) and COA grants (28 U.S.C. § 2253) set forth different tests, so they are not co-extensive.

[3]Appellee's motions to supplement the record, to file an audio recording, and to file a document under seal (Dkt. 32, 33 & 34) are denied. As the record before us provides a sufficient basis on which to affirm the district court, this is not an "extraordinary circumstance[]" that merits supplementing the record. *United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009); *see also* Fed. R. App. P. 10(e)(2).