People v Carroll (2026 NY Slip Op 01528)

People v Carroll

2026 NY Slip Op 01528

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LILLIAN WAN
JAMES P. MCCORMACK
PHILLIP HOM, JJ.

2024-01937
 (Ind. No. 70321/20)

[*1]The People of the State of New York, respondent,
vKevin Carroll, appellant.

Judith Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Francine R. Michel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Helen F. Gugerty, J.), rendered February 21, 2024, convicting him of burglary in the first degree, burglary in the second degree (three counts), and burglary in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the convictions of burglary in the first degree under count 1 of the indictment and burglary in the second degree under count 3 of the indictment (Penal Law § 140.25[1][b]), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt of burglary in the first degree under count 1 of the indictment and burglary in the second degree under count 3 of the indictment beyond a reasonable doubt (see Penal Law §§ 140.30, 140.25[1][b]; People v Wheeler, 40 NY3d 925, 926).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon our independent review of the evidence pursuant to CPL 470.15(5), we find that the jury verdict convicting the defendant of burglary in the first degree under count 1 of the indictment and burglary in the second degree under count 3 of the indictment was against the weight of the evidence (see Penal Law §§ 140.30, 140.25[1][b]; People v Romero, 7 NY3d 633, 643-644). The evidence, properly weighed, does not prove beyond a reasonable doubt that the victim sustained a physical injury (see generally People v Chiddick, 8 NY3d 445). Although the victim testified that he suffered pain as high as 6 on a scale of 1 to 10, he also testified that he was "in a little pain. Wasn't much pain, but [he] was in pain." There were no photographs of the victim's injury and the victim testified that he never requested medical attention. Therefore, under the circumstances of this case, the verdict finding the defendant guilty of burglary in the first degree under Penal Law § 140.30 and burglary in the second degree under Penal Law § 140.25(1)(b), based solely upon the victim's subjective testimony, was against the weight of the [*2]credible evidence (see generally People v Cicciari, 90 AD2d 853).
Accordingly, we modify the judgment by vacating the convictions of burglary in the first degree under count 1 of the indictment and burglary in the second degree under count 3 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment (see CPL 470.20[5]).
BARROS, J.P., WAN, MCCORMACK and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court